This is an appeal from a denial of a motion for new trial based on the inadequacy of damages assessed by the jury. For the reasons hereinafter stated, we reverse.
On November 6, 1981, Dennis O'Daniels, a minor, was driving a motorcycle which collided with an automobile driven by Kerry McCants Bates. A jury awarded Dennis O'Daniels $750 damages and awarded his father, Edward O'Daniels $750 damages. The O'Danielses contend they proved undisputed damages between $1,913.00 and $2,681.25 for their aggregate damages. The trial court denied the motion for new trial and the O'Danielses brought this appeal.
Jury verdicts are presumed to be correct. The power of the trial courts to set aside verdicts, while inherent in order to prevent irreparable injustice, is a power hesitantly exercised because of the solemnity of a jury verdict regarded in background of that most precious of rights, the right of trial by jury. Cobbv. Malone, 92 Ala. 630, 9 So. 738 (1891). No ground of a motion for new trial is more carefully scrutinized than that the verdict is against the great preponderance of the evidence. Chapman v.Canoles, 360 So.2d 319 (Ala. 1978), § 12-13-11 (a)(6), Code of Alabama 1975.
To clarify, the questions presented on a motion for new trial on the grounds of inadequacy of damages are whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice, and does the verdict fail to give substantial damages for substantial injuries. Roland v. Krazy Glue, Inc., 342 So.2d 383 (Ala.Civ.App. 1977). The presumption of the correctness of the jury's verdict is strengthened by the denial of a motion for new trial by the trial judge who heard the evidence and observed the witnesses.McKinney v. Alabama Power Co., 414 So.2d 938 (Ala. 1982). The reviewing court will reverse a jury award of damages on the ground of inadequacy only where, after consideration of all reasonable presumptions in favor of its correctness, a preponderance of the evidence is so decidedly against it as to clearly convince the court that it is the result of bias, and prejudice and is wrong and unjust. Herring v. Prestwood,414 So.2d 52 (Ala. 1982); Pennington v. Yarbrough, 406 So.2d 943
(Ala.Civ.App. 1981). A jury verdict for damages cannot stand if it varies substantially from uncontradicted and unimpeached opinion of value. Williams v. Williamson Truck Lines, Inc.,353 So.2d 1172 (Ala.Civ.App. 1978).
A case on point with the instant case is Stone v. Echols,351 So.2d 902 (Ala. 1977). The uncontroverted testimony in that case was that the car was worth $4,500.00 before the accident and that it "wasn't worth a dime" after the accident. Stone's testimony was the only evidence offered as to the value of the car. The supreme court, citing Farmers Ginners Cotton Oil Co. v.Reliance Insurance Co., 341 So.2d 147 (Ala. 1976), held that the jury verdict of $4,000.00, in light of uncontradicted testimony that the car was worth $4,500.00, was unsupported by the evidence and must be set aside.
In this case, after searching the record, the uncontradicted testimony of Edward *Page 809 
O'Daniels was that the motorcycle was worth $1,000.00 before the accident and a salvage value of "maybe $200.00" after the accident. In spite of this uncontradicted testimony of $800.00 property damage, the jury verdict for Mr. O'Daniels was only $750.00.
As to Dennis O'Daniels' damages, the uncontradicted testimony was that he worked twenty to twenty-five hours per week at minimum wages. The accident temporarily totally disabled him, and he was unable to work for a minimal estimation of eight weeks. The minimum amount of lost wages one could calculate from the facts is $536.00. The stipulated necessary medical expenses totaled $385.00. Not considering travel expenses for medical treatment, or pain and suffering resulting from a fractured elbow and finger requiring casts, the $750.00 verdict was $171.00 less than the uncontradicted testimony, the verdict is thus unsupported by the evidence.
After considering all reasonable presumptions in favor of the correctness of the verdict, we find that a preponderance of the evidence is so decidedly against it as to clearly convince this court that it is the result of bias and prejudice and is wrong and unjust. We reverse and remand for further proceedings.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.