ROBERTSON, Judge.
This is an appeal from an order granting appellee’s motion for a new trial.
Matthew Burt and Jimmy Mathis were involved in an automobile accident on May 1, 1987, in Brewton, Alabama. Mathis, the driver of one of the cars, brought suit against Burt, the driver of the other car. Testimony was presented in a jury trial that Mathis was thrown against the steering wheel and the driver’s side door. He was taken by ambulance to the emergency room, where he was examined, treated, and released. Several days after the accident Mathis began experiencing pain and stiffness in his lower back. He sought treatment by Dr. Leo Flynn, an orthopedic surgeon, for the continued pain in his lower back and right leg.
Through his deposition, part of which was read into evidence, Dr. Flynn testified *1042 that Mathis initially incurred a soft tissue injury to his back with a possible disc injury, and that several tests were conducted on Mathis, including a myelogram, thermo-gram, diskogram, and a CT. The results of these tests indicated an internal disc disruption due to a recent injury. Medication and therapy were prescribed to alleviate the pain.
After considering all of the evidence presented, the jury returned a verdict in favor of Mathis for $27.50. Mathis filed a motion for new trial due to the inadequacy of the damages, and after several continuances the trial court granted the motion. Burt appeals.
The sole issue presented for review is whether the trial court erred in granting the motion for new trial due to the inadequacy of the damages.
The granting or refusing of a motion for new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed on appeal unless some legal right was abused and the. record plainly and palpably shows the trial court was in error. Hill v. Cherry, 379 So.2d 590, 592 (Ala.1980).
The standard of review for an order granting a motion for new trial, on the ground that the verdict is against the great weight or preponderence of the evidence, will be reversed for an abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence. Riase v. Wood, 540 So.2d 646 (Ala.1988).
Our review of the record reveals that the jury verdict is unsupported by the evidence. The record discloses approximately $4000 in medical bills that were confirmed as necessary, fair, and reasonable for the treatment received in relation to this type of injury. Dr. Flynn’s deposition testimony indicates that Mathis's pain correlates with the automobile accident, and that his impairment rating is 15 to 20 percent of the lumbar spine, equating to 15 to 20 percent permanent impairment to the body as a whole. Dr. Flynn testified that Mathis would not be able to bend, stoop, or sit for prolonged periods, and would have trouble lifting over 35 pounds. It was also his opinion that Mathis would not be able to return to work and would require surgery in the future.
In reviewing the record, we are of the opinion that under the facts of this particular case, it is “easily perceivable” that the jury verdict is unsupported by the evidence. In view of the foregoing, the trial court’s granting of appellee’s motion for new trial is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.