This is an appeal from a denial of a motion for new trial on the grounds that the jury verdict was inadequate.
Tammy Brannon filed an action against Christopher Webster alleging that she sustained injuries in an automobile accident in which Webster's vehicle negligently struck from behind the vehicle Brannon was driving. Brannon claimed no property damages but sought $100,000 for medical expenses, lost wages, and for pain and suffering. A jury returned a verdict for Brannon on negligence and assessed damages against Webster of $907.14 plus court costs. Brannon's motion for a new trial was denied, and she appealed. Although Mary E. Webster was also a defendant and was named in the notice of appeal, for purposes of this opinion we address the issues only in terms of Christopher.
The dispositive issue on appeal is whether the jury verdict was inadequate based on the evidence presented, and, therefore, whether the trial court erred in denying the motion for new trial. *Page 1338 
Our review of the record reveals the following pertinent facts: Brannon was stopped behind a stalled vehicle on Airport Boulevard during morning traffic on November 24, 1986. The vehicle Webster was driving behind her failed to stop, resulting in a rear-end collision. At the scene, Brannon claimed no personal injury or property damage. She departed after completing police reports. Subsequently, Brannon began having neck pain and sought medical attention.
Dr. Robert McGinley examined Brannon the day after the accident and performed diagnostic X-rays. He determined that she had a "mild cervical strain," a condition, he testified, that would resolve itself within weeks, and recommended rest. He testified that she had a full range of motion and diagnostic tests were normal on all occasions. He recommended that she return to work on December 11.
Brannon continued to complain of pain and was referred to other doctors for therapy and additional diagnostic tests. All examinations and tests gave normal results, with no explanation for her pain. Dr. McGinley testified that, although there were no physical findings of any injury or abnormality, he ordered the tests and therapy because of Brannon's continued complaints of pain. He testified that he felt such tests were necessary to try to find what was causing the pain Brannon complained of. He further testified that pain could not be quantitated and that, although tests were normal, he believed her complaints.
Dr. McGinley testified that his original diagnosis never changed. He testified that there was no permanent injury or longterm problems and that Brannon was not restricted in her activities. He testified that he felt she had weak muscle tissue, for which he had recommended that she exercise and, at one time, he had told her to get on her feet and become more active.
The bills for Brannon's claimed medical expenses were admitted into evidence as reasonable charges, without objection, prior to trial. An amount for Brannon's claimed lost wages was likewise admitted.
Brannon contends that the jury verdict was inadequate because, she says, she proved special damages exceeding $4000 and the jury failed to award any amount for her pain and suffering. We note at this juncture that the general jury verdict for $907.14 did not indicate what amounts were special damages and what amounts, if any, were for pain and suffering.
At the outset, we acknowledge that our standard of review in this case is extremely limited. Jury verdicts carry a presumption of correctness on appeal that is strengthened by a denial of a motion for new trial. A jury verdict will be reversed only if it is plainly and palpably wrong. Further, we are bound to review the evidence in the light most favorable to the prevailing party, indulging inferences the jury was free to draw. Ashbee v. Brock, 510 So.2d 214 (Ala. 1987).
Brannon contends that her special damages were proven and undisputed and that there was also proof of some pain and suffering. Based on that contention, she argues that the jury should have awarded her an amount exceeding the special damages proven. She argues that Webster presented no testimony disputing her special damages.
Our review of the record reveals that while Webster did not offer his own contradictory evidence, his counsel created conflicts and weaknesses in Brannon's case through cross-examination of Brannon's witnesses. This is similar to our earlier case of Davis v. Copas, 455 So.2d 27
(Ala.Civ.App. 1984). Brannon's physician testified that Brannon's injury was a mild cervical strain that normally heals itself in a short time. He also testified that he found nothing to explain Brannon's pain and suggested exercises and "becoming more active" during her treatment. He testified that there is no medical method to determine if someone is actually having pain and that he continued to test and treat Brannon because of her complaints of pain. Most importantly, he testified that the injury was mild, without any long-term effects, and that he suggested she return to work *Page 1339 
approximately two weeks after the accident.
We are mindful of the recent supreme court holding concerning damages and stating: "Having found the liability issue in favor of [plaintiff], the jury was not free to assess damages in an amount less than those special damages proven by way of medical expenses and loss of earnings, that proximately resulted from the culpable conduct of the defendant." Thompson v. Cooper,551 So.2d 1030, 1031 (Ala. 1989), citing McCain v. Redman Homes,Inc., 387 So.2d 809 (Ala. 1980). (Emphasis added.)
A jury verdict will be overturned on appeal where the damages award is not sufficient to cover proven expenses. Grayson v.Alexander, 347 So.2d 108 (Ala.Civ.App. 1977). Determining damages lies within the discretion of the jury, and jury verdicts are afforded a strong presumption of correctness. SeeWatts v. Pettway, 49 Ala. App. 324, 272 So.2d 251
(Ala.Civ.App. 1972). A jury has the exclusive right to weigh evidence, give credibility to witnesses, and draw inferences from the evidence before it. Mitchell v. State, 450 So.2d 140
(Ala.Civ.App. 1984), Smith v. Winkles, 49 Ala. App. 454, 273 So.2d 215
(Ala.Civ.App. 1973). The discretion given to juries in the assessment of damages is not unbridled, but must be honest, legal and sound. A jury verdict supported by competent evidence will not be set aside because an appellate court may have decided differently. Blount Brothers Construction Co. v. Rose,274 Ala. 429, 149 So.2d 821 (1962).
The reasonableness and necessity of the expenses is a question for the jury, and the jury is not bound to award medical expenses merely because they were incurred. Sweet v.Foust, 419 So.2d 260 (Ala.Civ.App. 1982). It is for the jury to determine whether the claimed medical expenses were proximately caused by the negligence. Orr v. Hammond,460 So.2d 1322 (Ala.Civ.App. 1984). The jury also has discretion to determine the amount of damages when the extent of the injury is uncertain. Lartigue v. Fleming, 489 So.2d 583
(Ala.Civ.App. 1986). Clearly, here the jury, as trier of facts, apparently did not believe Brannon proved her claimed damages.Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App. 1988).
Brannon's own physician gave testimony conflicting her claims regarding the nature and extent of her injuries. As in Orr,supra, there was evidence from which the jury could have concluded that Brannon was able to return to work earlier. The jury, as the trier of fact, apparently concluded that not all of the special damages claimed by Brannon were proved to result from Webster's negligence. Because of uncertainties raised by the evidence, the jury was presented a factual question of the degree of the injury and the treatment necessary. Sweet, supra.
In view of the above, we cannot say the jury award is inconsistent with the evidence. Accordingly, we affirm.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.