PER CURIAM.
The issue in this case is whether the trial court committed reversible error in granting the plaintiffs’ motion for new trial after the jury had found in favor of the plaintiffs but had awarded them no damages.
The appellees, Guy and Elizabeth Epper-son and Alfa Insurance Company,[1] sued Alabama Power Company (“APCo”), alleging that it had negligently and/or wantonly designed and inspected the Eppersons’ outside combination meter/circuit breaker box, and that its negligence or wantonness had caused the box to malfunction and set their house on fire.
The case was tried before a jury, which returned a written verdict that stated:
“We, the Jury find the issues in favor of the plaintiffs Guy T. Epperson and Elizabeth Epperson, and for Alfa Insurance Company on its subrogation claim and assess $0 as compensatory damages and $0 as punitive damages on behalf of Guy T. Epperson and Elizabeth Epperson.”
The trial judge noted that the verdict was inconsistent, and it polled the jury to clarify the jurors’ intentions:
“THE COURT: By this verdict here, of course, this actually is a verdict in favor of the defendant, Alabama Power Company, is that y’all’s understanding, what you are doing? No damages for the Eppersons or Alfa Insurance Company?
*920 “THE FOREMAN: Yes, sir.
“THE COURT: —that’s what you— okay, I am going to ask you one at a time for the record that particular question because actually, if you find no damages for the Eppersons, then, of course, the verdict form actually should be, ‘We, the jury, find the issues in favor of the defendant, Alabama Power Company.’ But I believe we can poll you and see if that is your verdict.
Mr. Chumbley [the foreman], is it your verdict that the plaintiffs, Mr. and Mrs. Epperson and Alfa Insurance Company not recover in this case?
“THE FOREMAN: Yes, sir.
“THE COURT: And is that your verdict, ma’am?
“THE JUROR: Yes, sir.
“[The court asked that question of the 10 other jurors, and they all responded affirmatively.]
“THE COURT: All right.
[[Image here]]
“THE COURT: This verdict form ... is somewhat unusual in the sense that it was for the purpose of finding in favor of the plaintiffs, and the form for the defendants was not signed, and so forth. I have polled the jury to ascertain for the record what the verdict is. And it appears to me that the verdict is in favor of the defendant in this case.”
Following a hearing on the Eppersons’ motion for a new trial and upon APCo’s motion to enter judgment for the defendant, the trial court entered an order stating that the jury’s verdict was inconsistent as a matter of law. The order stated that “the expressed intent of the jury was to find the issues in favor of the plaintiffs but to allow them no recovery of damages.” The trial court then entered its judgment for the plaintiffs, despite its strong feelings concerning the intent of the jury and its feeling that the judgment was not supported by the jury’s intent.[2] The court granted the plaintiffs’ motion for a new trial.
In the present case, APCo appeals the trial court’s order granting the plaintiffs a new trial.
APCo argues that “the only legal verdict in this case is the oral verdict resulting from the polling of the jury,” and that consequently, “the court committed reversible error when it entered the written verdict form finding issues in favor of the plaintiffs but awarding zero damages, after a polling of each juror clearly established that their true verdict was in favor of APCo.”
Ala.Code 1975, § 12-16-15, allows the jury to be polled for the sole purpose of determining if the written verdict returned is the verdict that was intended, i.e., “to determine that the jurors are in agreement.” Comer v. Rush, 403 So.2d 205 (Ala.1981). Further, it is clear that a “verdict is not a finding by the jury until approved and accepted by the court.” Id. at 207. The trial court polled the jury in this case with the direct question of “[I]s it your verdict that the plaintiffs ... not recover in this case?” The jury’s response to the question was completely consistent with the written verdict awarding zero damages.[3]
The law is clear that for a plaintiff to recover under a negligence theory, there are four essential elements that must be *921 proven to the jury’s reasonable satisfaction: duty, breach, causation, and damage. Jones v. Newton, 454 So.2d 1345 (Ala.1984). Therefore, as we stated in Clements v. Lanley Heat Processing Equipment, 548 So.2d 1345 (Ala.1989), “for the jury to find for the plaintiff, all four elements must have been resolved in plaintiffs favor, for the absence of any one element would require a verdict for the defendants.”
The trial court in this case correctly concluded that because the jury awarded zero damages, there was a failure to find each essential element of negligence and, therefore, that the verdict was inconsistent on its face, as a matter of law. We hold that the trial court correctly granted the plaintiffs a new trial on the basis of the inconsistency of the award of no damages, when that award was juxtaposed with the jury’s finding of the defendant’s liability. See Northeast Alabama Regional Medical Center v. Owens, 584 So.2d 1360 (Ala. 1991). Clements; Moore v. Clark, 548 So.2d 1352 (Ala.1989); Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980).
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
HOUSTON, J., concurs in part and dissents in part.

. Alfa insured the Eppersons' house and its contents and had paid a claim based on the loss of the house and its contents. It sought compensatory damages from APCo under a subrogation theory, for the amount it had paid the Epper-sons under their policy.

. The trial court’s order and judgment read in pertinent part as follows:
"... [T]his court has previously been reluctant to enter a judgment on said verdict as it has been the court’s opinion and is the court’s opinion that the jury’s verdict as returned herein constitutes an inconsistent verdict which cannot support a judgment, in that the expressed intent of the jury was to find the issues in favor of the plaintiffs but allow them no recovery of damages.
"However, in order to procedurally facilitate the appeals process and new trial in the above styled cause, a judgment of the court is hereby entered in favor of the plaintiffs, Guy T. Ep-person and Elizabeth Epperson, and for Alfa Insurance Company on its subrogation claim and zero is assessed as compensatory damages and zero as punitive damages.”

. Although the trial court indicated on a couple of occasions what it felt should have been returned as the proper verdict in this case, these indications were always in the form of a statement and were instructional to the jury rather than an inquiry.