YATES, Judge.
This ease arises from a car accident involving Edward Andy Suit, his minor son David E. Suit, and an employee of McCullough Appliance, Inc. (McCullough). Following a jury trial, a verdict was returned awarding Edward Suit $2,250 in damages and David Suit $1,150 in damages. The Suits then filed a motion for a new trial, on the grounds that the jury verdict was against the weight and preponderance of the evidence, and contrary to the law in the case. The motion for a new trial was granted; hence, this appeal by McCullough.
The record revealed the following: The accident occurred on June 2, 1989, on Highway 67 in Decatur, Alabama. David Suit was the passenger in the ear owned by his grandmother, Laura Suit, and driven by his father, Edward Suit. David Philip Cottingham was the driver of the truck owned by McCullough. Edward Suit sustained injuries including a broken ankle, two broken teeth, a broken finger, an injured knee, a cut forehead and chin, and injured ribs and an injured tongue. David Suit suffered severe lacerations to his face. At trial, Edward Suit proved medical expenses of $5,242.10 and David Suit proved medical expenses of $5,128. There was also testimony from a plastic surgeon, Dr. Pat Burlison, that David Suit may need sear revision surgery, at an estimated cost of $8,200, when he reaches 13 years of age.
McCullough contends that the trial court abused its discretion in granting the Suit’s motion for a new trial. McCullough argues that the evidence in the case showed that both Edward and David Suit were entitled to $5,000 in medical coverage available to them for medical expenses incurred as a result of the accident, and that the jury was correct in considering that the medical expenses were paid, or could have been paid, by a third party.
We initially note that jury verdicts are presumed to be correct and should not be reversed unless plainly and palpably wrong. Whisenant v. Nationwide Mutual Fire Ins. Co., 577 So.2d 909 (Ala.1991). Whether a trial court grants or denies a motion for a new trial is a decision committed to its sound discretion, and this court will not reverse on appeal absent a showing of an abuse of that discretion. Franklin v. Cannon, 565 So.2d 119 (Ala.1990). It is the duty of the trial court to grant a new trial for inadequate damages where, after making allowances, the verdict is clearly unjust. Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980). When a judgment is challenged on the ground of inadequacy of damages, the reviewing court attempts to ascertain from the record whether the verdict gives substantial compensation for substantial injury. Manning v. White, 423 So.2d 853 (Ala.Civ.App.1982).
It is uncontroverted that the Suits incurred medical bills totalling $10,370.10, with future expenses for David Suit’s plastic surgery estimated at $8,200. Liability was proven, therefore the verdict must include an amount at least as high as the uncontradicted damages, as well as an amount sufficient to compensate for pain and suffering. Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App.1988). Based on the previously-stated standards and the record in this ease as it currently exists, we hold that the trial court did not commit error in granting the Suit’s motion for a new trial. The jury verdict is inconsistent with the amount of damages actually proven at trial and made a part of the record on appeal. Therefore, a new trial is in order.
For the purpose of retrial, however, we note the possible applicability of Ala.Code 1975, § 12-21-45, which altered the collateral source rule in civil actions where a plaintiff seeks damages for any medical or hospital expenses. That section provides, in pertinent part, the following:
“(a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiffs medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of *781 the cost of obtaining reimbursement or payment" of medical or hospital expenses.”
See also, Senn v. Alabama Gas Corp., 619 So.2d 1320 (Ala.1993).
At trial, McCullough, during cross examination of Edward Suit, elicited testimony that Laura Suit had $5,000 of insurance coverage through Allstate on each passenger in her ear. Also, during cross-examination of Laura Suit, McCullough attempted to introduce additional evidence concerning Allstate, but the evidence was excluded by the trial court. The only evidence presented indicated that Laura Suit had an insurance policy, and that this policy provided Edward Suit some undetermined amount for medicine and that it might pay for some physical therapy. Without more, we cannot say that the trial court abused its discretion in granting the motion for a new trial. Such matters may be developed more fully in the new trial pursuant to applicable law.
For the above stated reasons, the trial court’s decision is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.