LaShannon Opal Word and Beula Mae Smith sued Larry Wayne Kite, Jr., and Jeffrey B. Pitts, claiming damages for personal injuries following an automobile accident. They sought recovery for bills totalling $3,446.10 and $3,103.35, respectively. A jury awarded $2,600 to Word and $2,300 to Smith. Word and Smith filed a motion for additur, or alternatively, for a new trial. The trial court denied the motion for additur, but granted a new trial on the grounds of inadequate damages, citingVinzant v. Hughes, 579 So.2d 681 (Ala.Civ.App. 1991). Kite and Pitts appeal, contending that the jury verdict was supported by the evidence.
We note that a jury verdict is presumed correct and will not be set aside "unless the amount awarded is so inadequate as to indicate that the verdict is the result of passion, prejudice, or other improper motive." Stricklin v. Skipper, 545 So.2d 55,56 (Ala.Civ.App. 1988). We find no evidence here to indicate passion, prejudice, or other improper motive. "The determination of damages lies within the discretion of the jury, which has the exclusive right to weigh the evidence, give credibility to the witnesses, and draw inferences [from the evidence]." Vinzant v. Hughes, 579 So.2d at 683. See alsoCampbell v. Burns, 512 So.2d 1341 (Ala. 1987).
 "When the trial court orders a new trial based on the sole ground that the verdict was against the great weight or preponderance of the evidence, the order will be reversed as based upon an abuse of discretion where, upon review, it is easily perceivable from the record that the jury verdict is supported by the evidence."
Dabbs v. Thursby, 599 So.2d 602, 603-04 (Ala. 1992). See also,Northeast Alabama Regional Medical Center v. Robinson,548 So.2d 439 (Ala. 1989).
Further, juries are not required to award medical expenses simply because they are incurred. A jury may question the "reasonableness and necessity of expenses and determine whether the claimed medical expenses are proximately caused by the negligence of the defendant." Vinzant v. Hughes, 579 So.2d at 683.
Testimony revealed that Word and Smith received emergency room medical treatment after the accident, but that they were not treated by a physician until after they had met with their attorney, who referred them to Dr. J.C. Serrato, Jr. Dr. Serrato testified about the medical bills that Word and Smith incurred through him at the Columbus Orthopaedic Clinic. He stated, "[Smith] told me she was doing fine," but he said that he would see her again "primarily because she is involved in a medical-legal case litigation." Dr. Serrato testified that other bills were from different departments of the clinic, charged through other individual physicians. No witnesses were introduced to testify about those charges.
The jury was instructed that:
 "Each Plaintiff has also brought a claim for medical expenses. The measure of damages for medical expenses would be all reasonable expenses necessarily incurred for doctors, hospital, and medical bills, which that Plaintiff has paid or become obligated to pay. The amount of the reasonable expenses of medical care, treatment or services are for you to determine in looking at and considering all of the evidence."
Although the medical expenses were admitted into evidence and made a part of the record, the jury could have concluded that some of the medical bills incurred were unnecessary. This case involved a question of fact from which the jury was required to make a factual determination. We cannot say that the jury award was inconsistent with the evidence.
After thoroughly reviewing the record, we conclude that the trial court erred in granting a new trial. Therefore, we reverse the order granting a new trial and remand the *Page 1382 
cause for the trial court to reinstate the original jury awards.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.