Millard Slaughter appeals from the trial court's denial of his motion for a new trial based upon an alleged inadequate verdict. *Page 955 
Slaughter filed a negligence action against Roderick Leonard Burrell, seeking damages for injuries which, he alleged, he sustained in an automobile accident on or about November 2, 1990.
The case was tried before a jury. The jury returned a verdict in favor of Slaughter and awarded him $750 in compensatory damages and $1,800 in punitive damages. The trial court entered a judgment based upon this verdict.
Slaughter filed a motion for a new trial, alleging that the jury verdict was inadequate and inconsistent with the evidence presented at trial. The motion was denied.
The dispositive issue on appeal is whether the trial court erred in refusing to grant the motion for a new trial on the grounds of inadequacy of damages.
On appeal Slaughter argues that the verdict in this case is inadequate and inconsistent because, although the jury found in his favor, it failed to award damages that included an amount to compensate him for his medical expenses of $7,954.52, as well as an amount sufficient to compensate him for his pain and suffering.
We recognize that in cases where liability is proven, the verdict must include an amount at least as high as theuncontradicted special damages, as well as an amount sufficient to compensate the injured party for pain and suffering. Nemecv. Harris, 536 So.2d 93 (Ala.Civ.App. 1988).
Slaughter testified that he incurred all of these medical expenses as a result of the November 1990 automobile accident. Our review of the record reveals that these special damages were not uncontradicted in this case.
Slaughter, who was 65 years of age at the time of the trial, had driven 18-wheeler trucks for approximately 40 years. He admitted that he drove approximately 80 longhaul trips for Cook Transport after the November 1990 accident.
There was testimony by Slaughter's treating chiropractor that it is common for truck drivers to experience the type of problems experienced by Slaughter.
Additionally, Slaughter admitted that he had sustained injuries to his back several times prior to the November 1990 accident and that he had found it necessary to seek treatment for these prior injuries. Slaughter also admitted that there were occasions after the November 1990 accident when he found it necessary to seek treatment after pulling up fence posts or hammering fence posts into the ground with a sledge hammer.
Slaughter testified that he had seen Dr. Lee, a medical doctor, both before and after the November 1990 accident. Slaughter stated that Dr. Lee was the doctor whom he saw for his required physical to obtain his commercial driver's license.
Slaughter admitted that he did not mention the injuries to his neck and back when he saw Dr. Lee after the accident, because Dr. Lee did not ask and because Slaughter needed a clean bill of health to drive an 18-wheeler. However, Slaughter testified that he saw Dr. Lee in approximately September 1992 — almost two years after the November 1990 accident — with complaints of neck and back pain and that Dr. Lee sent him for MRIs, which cost over $4,000. We would note that Dr. Lee did not testify at the trial.
The jury, as the trier of fact, is given the discretion to determine damages. Brannon v. Webster, 562 So.2d 1337
(Ala.Civ.App. 1990). In order to determine the damages, the jury may decide what credibility should be given to the testimony of each witness and may also weigh the evidence presented and draw inferences therefrom. Brannon, 562 So.2d 1337.
Here, the jury weighed all of the evidence presented during the course of the trial and arrived at a verdict in favor of Slaughter. In view of the above, we cannot say that the jury verdict was inadequate. Stated another way, the jury and the trial court could have concluded from the evidence that the degree and source of Slaughter's pain and suffering were contradicted.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. *Page 956 
HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.