HOUSTON, Justice.
The writ is denied. We note that where a trial court denies a motion for a new trial premised upon the inadequacy of the verdict amount “[the] jury verdict is presumed to be correct and will not be set aside for an inadequate award of damages unless the amount awarded is so inadequate as to indicate that the verdict is the result of passion, prejudice, or other improper motive.” Helena Chemical Co. v. Ahern, 496 So.2d 12, 14 (Ala.1986). The standard applied by the Court of Civil Appeals, which was whether “the evidence plainly and palpably supports the [jury] verdict,” is the applicable legal standard for the review of trial court orders granting new trials on the basis of the inadequacy of a jury’s verdict, but it is not applicable to cases such as this one, in which the appellate court was reviewing a trial court order denying a new trial motion that was based upon a claimed inadequacy of the jury verdict. See Merritt v. Roberts, 481 So.2d 909, 911 (Ala.Civ.App.1985).
WRIT DENIED.
MADDOX, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.