937 So.2d 1052 (2005)
Virginia Tidwell WOOD
v.
Dana Haines COURTNEY, Tara Wilbur, and Terry Wilbur.
2040017.
Court of Civil Appeals of Alabama.
June 10, 2005.
Rehearing Denied September 2, 2005.
*1054 Paul M. James, Jr., of Rushton, Stakely, Johnston & Garrett, P.C., Montgomery, for appellant.
Mac Borland, Jr., Dothan, for appellees.
THOMPSON, Judge.
Dana Haines Courtney ("Courtney"), Tara Harrelson Wilbur ("Tara"), and Terry Wilbur ("Terry") sued Virginia Tidwell Wood ("Wood") seeking damages for injuries they allegedly suffered as a result of an automobile accident. Wood answered the complaint and denied liability. The matter was tried before a jury on May 3, 2004. The jury returned a verdict in favor of Courtney, Tara, and Terry (hereinafter referred to collectively as "the plaintiffs"). The plaintiffs filed a motion for a new trial in which they alleged that the jury had awarded insufficient damages. After conducting a hearing, the trial court entered an order granting the plaintiffs' motion for a new trial. Wood timely appealed.
The plaintiffs are all related; Courtney is Tara's mother, and Terry is Tara's husband. The automobile accident that formed the basis for this dispute occurred on January 12, 2001. On that date, Courtney, Terry, and two other family members were passengers in an automobile ("the plaintiffs' automobile") owned by Courtney and driven by Tara. The plaintiffs' automobile had stopped to wait for traffic to pass in order to make a left turn when Wood's automobile struck it from the rear.
Courtney testified that she was in severe pain and was disoriented following the accident. Courtney was taken by ambulance to a hospital emergency room and was diagnosed as having suffered a concussion and a neck sprain or whiplash. Courtney was treated and released from the hospital emergency room within a few hours. On cross-examination, Courtney agreed that the hospital medical records indicated that her cervical spine was "within normal limits" following the automobile accident.
Courtney testified that after the January 12, 2001, automobile accident, she sought treatment from Dr. Kirk Erickson, a chiropractor. Courtney testified that she stopped seeking treatment from Dr. Erickson after five to six months because she was embarrassed to owe such a large amount of money for that treatment. Courtney initially testified that the amount she owed Dr. Erickson was $1,569, but on cross-examination she stated that her health-insurance provider had paid approximately $630 of that amount. Also on cross-examination, Courtney admitted that although she claimed to have been in pain due to her injuries for some time after the accident, she had waited six weeks to seek treatment from Dr. Erickson.
Courtney presented evidence that after the automobile accident, she was billed $594.20 by the hospital, $385 by the ambulance service, and $48 by a radiology practice that performed X-rays on Courtney in the hospital emergency room. Courtney testified that, in addition, she spent $6.10 on medication following the accident. She also claimed to have missed work because of the pain she had experienced after the automobile accident. Courtney stated that she had had to use $525 in vacation pay at that time. In addition to compensation for the foregoing amounts, Courtney also sought damages for pain and suffering and mental anguish.
Tara testified that immediately after the accident, she was able to walk around, talk on her cellular telephone, and check on her family members and Wood. Following the *1055 accident, Tara traveled by private vehicle to the hospital emergency room; she was treated and released within a few hours. Tara later sought treatment from Dr. Erickson for several months. She testified that the pain she suffered as a result of the January 12, 2001, automobile accident left her, for some period of time, unable to do many things, such as housework and taking care of her small child.
On cross-examination, Tara admitted that she had been in an automobile accident in 1992 or 1993 and that, as a result of that accident, she had suffered injuries to her neck and back and that the pain for which she sought compensation as a result of the 2001 accident was the same as that she had suffered as a result of the earlier accident.
In addition to seeking damages for lost wages, mental anguish, and pain and suffering, Tara claimed damages for expenses she asserted arose as a result of the automobile accident. Those amounts included a $1,314.85 hospital bill, a $141 radiology-practice bill for X-rays performed in the hospital emergency room, $1,936 in chiropractic fees, and $16.20 for medication.
Terry testified that he was not injured as a result of the automobile accident and that he was not treated at the hospital emergency room after that accident. Terry testified that he sought medical treatment for stiffness two days after the accident and that that treatment had cost $137. Terry also asserted a claim for $136 in lost wages, and he sought damages on his claim alleging loss of consortium.
The jury returned a verdict in favor of each of the plaintiffs. The jury awarded Terry no damages, but it awarded Courtney $1,113 in damages and it awarded Tara $1,342 in damages. In its postjudgment order, the trial court found that the jury had awarded Courtney and Tara inadequate damages and that the jury verdict was inconsistent with regard to Terry.
On appeal, Wood argues that the trial court erred in granting the motion for a new trial with regard to Terry. However, it is well settled that a jury verdict that is in favor of a party but that awards that party no damages is inconsistent. Alabama Power Co. v. Epperson, 585 So.2d 919 (Ala.1991); Moore v. Clark, 548 So.2d 1352 (Ala.1989); and Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980). This court has explained that "[a] finding of damage or injury is a prerequisite to a verdict in the plaintiff's favor. To find in favor of the plaintiff and then to award no damages is, as a matter of law, inconsistent on its face. Ward v. Diebold, Inc., 486 So.2d 1261 (Ala.1986)." Romans v. J.P. Mills, Inc., 844 So.2d 1239, 1242 (Ala. Civ.App.2002). Therefore, we find Wood's argument on this issue to be without merit, and we affirm the trial court's granting the motion for a new trial with regard to Terry's claims.
Wood also argues that the trial court erred in granting the motion for a new trial with regard to Courtney and Tara on the basis that the jury had awarded those two plaintiffs inadequate damages. In Jawad v. Granade, 497 So.2d 471 (Ala.1986), our supreme court reversed an earlier standard adopted in a number of cases from dicta in Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1891), that stated that a grant of a new trial on the ground that the jury's verdict was against the preponderance of the evidence would be reversed only if the evidence "`plainly and palpably support[ed] the [jury's] verdict'"; in doing so, the supreme court set forth a new standard. See Jawad v. Granade, 497 So.2d at 474 (quoting Cobb v. Malone, 92 Ala. at 635, 9 So. at 740) (emphasis omitted). The rules pertaining to the denial or grant of a motion for a new trial based on *1056 the inadequacy of the jury's damages award are correlative to the rules pertaining to a ruling on a motion alleging that a verdict was against the weight of the evidence. Spears v. Bishop, 339 So.2d 75, 76-77 (Ala.Civ.App.1976); see also Deal v. Johnson, 362 So.2d 214, 219 (Ala.1978) ("The basic reason for disturbing a jury verdict because of inadequate damages is the same as stated previously regarding verdicts contrary to the preponderance of the evidence."); Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447 (1932); O'Daniels v. Bates, 456 So.2d 807 (Ala.Civ.App.1984); and Sweet v. Foust, 419 So.2d 260 (Ala.Civ. App.1982). Thus, the standard set forth in Jawad, supra, applies to the grant of a motion for a new trial on the basis of an award of inadequate damages. See Helena Chem. Co. v. Ahern, 496 So.2d 12, 15 (Ala.1986) (applying Jawad and reversing the trial court's granting a motion for a new trial after concluding that the jury's verdict was supported by the evidence and not against the weight of the evidence), and Courtesy Ford Sales, Inc. v. Hendrix, 536 So.2d 88, 90 (Ala.Civ.App.1988) (applying the standard set forth in Jawad and reversing the trial court's granting a motion for a new trial on the basis of inadequate damages).
The standard for the review of a trial court's granting a motion for a new trial, as set forth by our supreme court in Jawad, supra, is as follows:
"[A]n order granting a motion for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence."
Jawad, 497 So.2d at 477.
It is well settled that once liability is proven, a jury's verdict must award damages in an amount at least as high as the uncontradicted damages, as well as an amount to compensate the plaintiffs for pain and suffering. Jones v. Butts, 646 So.2d 104, 105 (Ala.Civ.App.1994); McCullough Appliance, Inc. v. Suit, 628 So.2d 779 (Ala.Civ.App.1993); and Nix v. Key, 682 So.2d 1371 (Ala.Civ.App.1996). However, a jury is not required to award a plaintiff damages merely because certain medical expenses were incurred. Wells v. Mohammad, 879 So.2d 1188 (Ala.Civ.App. 2003); and Savoy v. Watson, 852 So.2d 137 (Ala.Civ.App.2002).
"When evidence pertaining to medical expenses is admitted, the jury is free to conclude that some or all of those expenses were unnecessary, or that those expenses were not incurred as a result of the negligence of the defendant. Savoy v. Watson, [852 So.2d 137 (Ala.Civ. App.2002)] (citing Kite v. Word, 639 So.2d 1380 (Ala.Civ.App.1994), and quoting Bennich v. Kroger Co., [686 So.2d 1256 (Ala.Civ.App.1996)]). `A jury may question the "reasonableness and necessity of expenses and determine whether the claimed medical expenses are proximately caused by the negligence of the defendant."' Kite v. Word, 639 So.2d at 1381 (quoting Vinzant v. Hughes, 579 So.2d 681, 683 (Ala.Civ.App.1991))."
Wells v. Mohammad, 879 So.2d at 1193.
The plaintiffs contended in their motion for a new trial that in addition to her claims for lost wages, pain and suffering, and mental anguish, Courtney had incurred uncontradicted expenses totaling $2,602.30[1] and that the jury should have *1057 awarded her at least that amount in damages. On appeal, Wood argues that the medical expenses incurred by Courtney were not "uncontradicted," and, therefore, that the jury was free to question the necessity of those expenses. See Wells v. Mohammad, supra. Wood concedes that she did not present evidence contradicting the reasonableness or necessity of the medical expenses Courtney claimed to have incurred as a result of the injuries caused by the January 12, 2001, automobile accident. Rather, Wood argues that her cross-examination of the witnesses called into question the necessity of many of the medical expenses Courtney claimed were required as a result of the accident. "Conflicts and weaknesses in the plaintiff's case may also be created through cross-examination of the plaintiff's witnesses." Bennich v. Kroger Co., 686 So.2d 1256, 1257 (Ala.Civ.App.1996) (citing Brannon v. Webster, 562 So.2d 1337, 1338 (Ala.Civ. App.1990)).
In this case, the testimony Wood elicited on cross-examination indicated that the treatment notes generated at the emergency room indicated that Courtney did not receive any significant injury as a result of the January 12, 2001, automobile accident.[2] Further, Wood cross-examined Courtney on the issue of the necessity of the chiropractic treatment she received after the accident. Courtney claimed to have been extremely sore and in pain for quite some time after the automobile accident. However, other than the visit to the hospital emergency room immediately following the accident, Courtney did not seek medical treatment for her alleged injuries until approximately six weeks after the accident. That evidence, together with the responses to the questioning regarding Courtney's testimony pertaining to the amount she owed Dr. Erickson, could have impacted the jury's perception of Courtney's credibility regarding the extent of her injuries and damages.
"Where there is a dispute regarding the damages the plaintiff incurred as a proximate result of the defendant's wrongful conduct, the determination of a damages award is exclusively within the discretion of the jury and the jury's assessment should be afforded a strong presumption of correctness. Sizemore v. Patel, 702 So.2d 172, 174 (Ala.Civ.App. 1997); Brannon v. Webster, 562 So.2d 1337, 1339 (Ala.Civ.App.1990); Nemec v. Harris, 536 So.2d 93, 94 (Ala.Civ.App. 1988). Furthermore, in exercising its discretion, a jury has the exclusive right to weigh evidence, give credibility (or not) to witnesses, and draw inferences from the evidence before it. Brannon, *1058 562 So.2d at 1339; Slaughter v. Burrell, 669 So.2d 954, 955 (Ala.Civ.App.1995)."
Savoy v. Watson, 852 So.2d at 140.
Given the evidence in this case, we conclude that a reasonable jury could have questioned the necessity of at least the expenses Courtney claimed to have incurred in chiropractic treatment as a result of the automobile accident. See White v. Searcy, 634 So.2d 577 (Ala.Civ.App.1994) (affirming the trial court's denial of a motion for a new trial on the basis of inadequate damages where the jury could have concluded that the plaintiff's injuries were not as substantial as she claimed). The jury awarded Courtney $1,113 in damages; that amount is in excess of the total "uncontradicted" damages claimed by Courtney minus the chiropractic charges ($2,602.30 minus $1,569 = $1,033.30). We conclude that "[i]n this case, as in Savoy v. Watson, supra, `the damages award [with regard to Courtney] is one that reasonable jurors could have made based on the particular record presented.' 852 So.2d at 141." Wells v. Mohammad, 879 So.2d at 1195. Based on our review of the evidence in the record on appeal, we conclude that it is "easily perceivable from the record that the jury verdict is supported by the evidence." Jawad, 497 So.2d at 477. Therefore, we must hold that the trial court erred in granting the motion for a new trial as it pertained to Courtney. Jawad, supra; Helena Chem. Co. v. Ahern, supra; and Courtesy Ford Sales, Inc. v. Hendrix, 536 So.2d at 91 ("[T]here was clearly evidence to support the verdict of the jury and . . . the presence of such evidence precludes the trial court from exercising such statutory or supervisory power over the verdict as to set it aside.").
Wood also argues that the trial court erred in granting a new trial on Tara's claims on the basis of inadequate damages. Tara claimed to have "uncontradicted" damages totaling $3,408.05.[3] Wood maintains that on cross-examination she questioned the necessity of many of the medical expenses Tara claimed arose as a result of the January 12, 2001, automobile accident.
Through her cross-examination, Wood did question the necessity of Tara's chiropractic treatment. Also, Wood called into question whether the injuries Tara claimed to have suffered as a result of the January 12, 2001, automobile accident were caused by that accident or by the automobile accident in which Tara was involved in 1992 or 1993. Wood also elicited testimony indicating that Tara was walking around immediately following the automobile accident. Tara testified, however, that she began to feel stiffness and pain within 45 minutes of the automobile accident and that she then sought medical treatment at the hospital emergency room.
After reviewing the record, we cannot say that Wood called into question the necessity of the treatment Tara received in the hospital emergency room immediately following the automobile accident. Therefore, we must conclude that, at the very least, the medical expenses Tara incurred at the hospital emergency room were uncontradicted.
The jury awarded Tara $1,342 in damages. That amount does not compensate Tara for the uncontradicted damages she incurred in hospital and X-ray charges, *1059 which totaled $1,455.85.[4] We conclude that the trial court properly determined that the jury's damages award to Tara was inadequate. "In reviewing the record, we are of the opinion that ... it is `easily perceivable' that the jury verdict is unsupported by the evidence." Burt v. Mathis, 550 So.2d 1041, 1042 (Ala.Civ.App.1989). Therefore, we hold that the trial court did not err in granting the motion for a new trial as to Tara's claims, and we affirm as to this issue. See McCullough Appliance, Inc. v. Suit, 628 So.2d at 780 (affirming the trial court's grant of a motion for a new trial where the jury's verdict did not "include an amount at least as high as the uncontradicted damages, as well as an amount sufficient to compensate for pain and suffering").
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN and BRYAN, JJ., concur in the result, without writing.
MURDOCK, J., concurs in part, concurs in the result in part, and dissents in part, with writing, which CRAWLEY, P.J., joins.
MURDOCK, Judge, concurring in part; concurring in the result in part; and dissenting in part.
I concur in the main opinion as it relates to the affirmance of the trial court's order granting a new trial to Terry. I concur in the result reached by the main opinion in affirming the trial court's order granting a new trial to Tara. As to the main opinion's conclusion that this court must reverse the trial court's decision to grant a new trial to Courtney, however, I respectfully dissent.
As this court has stated:
"We initially note that jury verdicts are presumed to be correct and should not be reversed unless plainly and palpably wrong. Whisenant v. Nationwide Mutual Fire Ins. Co., 577 So.2d 909 (Ala.1991). Whether a trial court grants or denies a motion for a new trial is a decision committed to its sound discretion, and this court will not reverse on appeal absent a showing of an abuse of that discretion. Franklin v. Cannon, 565 So.2d 119 (Ala.1990). It is the duty of the trial court to grant a new trial for inadequate damages where, after making allowances, the verdict is clearly unjust. Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980)."
McCullough Appliance, Inc. v. Suit, 628 So.2d 779, 780 (Ala.Civ.App.1993). I take note of the uncontroverted evidence in the record regarding the severity of the collision between the automobiles, the uncontroverted emergency-room diagnosis (contrary to the statement in the main opinion that Courtney was told she had suffered no significant injury) that Courtney suffered a concussion and a neck sprain as a result of the collision, and the fact that Courtney was prescribed Darvocet by the emergency-room physician and was instructed by that physician not to return to work for 72 hours (Courtney testified, in fact, that due to her pain and the effects of her medication, she remained out of work for more than 72 hours, resulting in lost wages). On the record before us, I cannot conclude that the trial court abused its discretion in granting a new trial as to Courtney.
CRAWLEY, P.J., concurs.
NOTES
[1] The total "uncontradicted" amount of damages Courtney itemized in both her postjudgment motion submitted to the trial court and in her brief submitted to this court on appeal were as follows:

Hospital emergency room charges $ 594.20
Radiology charges
(emergency room) 48.00
Ambulance charges 385.00
Prescription medication 6.10
Chiropractic charges 1,569.00
 _________
 TOTAL $2,602.30

[2] Courtney testified on cross-examination on this issue as follows:

"Q. And upon arriving at the emergency room, [X]-rays were taken and you were provided with some prescription medication for your pain?
"A. Yes, sir.
"Q. And you had no broken bones?
"A. No.
"Q. No reason for admission to the hospital and you were sent home within three hours of arriving at the emergency room?
"A. I do not know the time frame, sir.
"Q. You were sent home within a few hours of arriving, correct?
"A. Yes, sir.
"Q. Now, isn't it true that you do not remember being told that you had any significant injuries or any other reason for being admitted to the hospital, correct?
"A. Correct."
[3] Tara claimed the following "uncontradicted" damages:

Hospital emergency room charges $1,314.85
Radiology charges
(emergency room) 141.00
Prescription medication 16.20
Chiropractic charges 1,936.00
 _________
 TOTAL $3,408.05

[4] The hospital charges in the amount of $1,314.85 plus $141 for X-rays Tara received in the hospital emergency room equals $1,455.85.