The plaintiffs, Dana Haines Courtney, her daughter Tara Wilbur, and her son-in-law Terry Wilbur, sued Virginia Tidwell Wood, alleging negligence and claiming damages for injuries they received as a result of an automobile accident. A jury trial resulted in a verdict in favor of all three plaintiffs, but the jury awarded damages only to Courtney and Tara; it awarded no damages to Tara's husband, Terry. The plaintiffs filed a motion for a new trial on the basis that the damages were inadequate and the verdict inconsistent. The trial court granted their motion, and Wood appealed. The Alabama Court of Civil Appeals unanimously affirmed the order granting a new trial as to the Wilburs. However, a majority of the Court of Civil Appeals reversed the order granting a new trial as to Courtney.Wood v. Courtney, 937 So.2d 1052 (Ala.Civ.App. 2005). We granted Courtney's petition for certiorari review.
 Factual Background and Proceedings Below as to Courtney
On January 12, 2001, Courtney, Terry Wilbur, and two other family members were passengers in an automobile owned by Courtney and being driven by Tara Wilbur. The automobile occupied by the plaintiffs had stopped to make a left turn when Wood's automobile struck it from the rear. Courtney was sitting in the rear passenger seat, at the point of impact. The police chief at the scene of the accident stated that both vehicles were pretty "mashed" up. Courtney stated that immediately following the accident she experienced excruciating pain and she was disoriented. An ambulance transported Courtney to a hospital, where emergency-room personnel diagnosed her as having a concussion and a neck sprain, i.e., whiplash. According to the emergencyroom report, Courtney was treated, was prescribed medication for pain, and was instructed not to return to work for 72 hours. Courtney stated that for two to three weeks after the accident she had a hard time working because the pain medication made her disoriented and weak. Courtney testified that she actually missed six days of work as a result of the accident, for which she used some of her vacation time.
Approximately six weeks after the accident Courtney sought chiropractic treatment from Dr. Kirk Erickson for the pain and soreness she continued to suffer as a result of the accident. According to Dr. Erickson, Courtney suffered from a "cervical sprain/strain," as a result of the automobile accident, which caused muscle spasms and headaches. Dr. Erickson testified by deposition regarding the reasonableness and necessity of his charges in treating Courtney.
At trial, Courtney testified that she had incurred the following damages: $1,569 less $630 paid by insurance for chiropractic treatment; $594.20 for hospital charges; $525 in lost wages; $385 for ambulance *Page 1062 
charges; $48 for X-rays; and $6.10 for medication. Courtney also presented testimony as to the pain and suffering she had endured as a result of the accident. Courtney testified that before the accident, which occurred over three years before the trial, she had experienced no neck or back pain. She stated that at the time of trial she was still experiencing occasional pain and discomfort in her neck.
Wood failed to offer any contradictory evidence as to the damages Courtney claimed. Instead, she attempted to create weaknesses in Courtney's case through cross-examination. Specifically, Wood interrogated Courtney regarding the necessity of chiropractic treatment, emphasizing that Courtney did not seek such treatment until nearly six weeks after the accident. Wood's cross-examination of Courtney also attempted to downplay the seriousness or extent of her injuries:
 "Q. And upon arriving at the emergency room, [X]-rays were taken and you were provided with some prescription medication for your pain?
 "A. Yes, sir.
 "Q. And you had no broken bones?
 "A. No.
 "Q. No reason for admission to the hospital and you were sent home within three hours of arriving at the emergency room?
 "A. I do not know the time frame, sir.
 ". . . .
 "Q. Now, isn't it true that you do not remember being told that you had any significant injuries or any other reason for being admitted to the hospital, correct?
 "A. Correct."
After hearing the evidence, the jury returned a verdict in favor of Courtney and awarded her $1,113. The trial court entered an order granting Courtney a new trial based on inadequacy of the damages award. The Court of Civil Appeals reversed that order, concluding that the jury verdict was supported by the evidence. We granted Courtney's petition for certiorari review to determine whether the Court of Civil Appeals erred in reversing the trial court's order.
 Standard of Review
The applicable standard of review of a trial court's order granting a new trial on the basis of the inadequacy of a jury's verdict awarding damages is "whether `the evidence plainly and palpably supports the [jury] verdict.'" Ex parte Reed,676 So.2d 927, 928 (Ala. 1995). The Court of Civil Appeals, inSmith v. Darring, 659 So.2d 678, 679-80
(Ala.Civ.App. 1995), expounded as follows:
 "The assessment of damages is essentially committed to the discretion of the jury. . . . Whether to grant or to deny a motion for new trial is vested within the sound discretion of the trial court, and this court will not reverse that decision on appeal without a showing of an abuse of discretion. Nevertheless, where liability is established, the jury's assessment of damages must include, at the least, an amount sufficient to compensate the plaintiff for his or her uncontradicted special damages, as well as a reasonable amount of compensation for pain and suffering. If the jury's damages award is inadequate, the trial court has a duty to grant a new trial. If a judgment is challenged on the ground of inadequate damages, this court must attempt to ascertain from the record whether the verdict gives substantial compensation for substantial injury."
(Citations omitted; emphasis added.)
 Judgment of the Court of Civil Appeals
The Court of Civil Appeals, in its opinion, concluded that the jury verdict in this case was supported by the evidence: *Page 1063 
 "In this case, the testimony Wood elicited on cross-examination indicated that the treatment notes generated at the emergency room indicated that Courtney did not receive any significant injury as a result of the January 12, 2001, automobile accident. Further, Wood cross-examined Courtney on the issue of the necessity of the chiropractic treatment she received after the accident. Courtney claimed to have been extremely sore and in pain for quite some time after the automobile accident. However, other than the visit to the hospital emergency room immediately following the accident, Courtney did not seek medical treatment for her alleged injuries until approximately six weeks after the accident. That evidence, together with the responses to the questioning regarding Courtney's testimony pertaining to the amount she owed Dr. Erickson, could have impacted the jury's perception of Courtney's credibility regarding the extent of her injuries and damages.
 ". . . .
 "Given the evidence in this case, we conclude that a reasonable jury could have questioned the necessity of at least the expenses Courtney claimed to have incurred in chiropractic treatment as a result of the automobile accident. . . . The jury awarded Courtney $1,113 in damages; that amount is in excess of the total `uncontradicted' damages claimed by Courtney minus the chiropractic charges ($2,602.30[1]m minus $1,569 = $1,033.30). . . . Based on our review of the evidence in the record on appeal, we conclude that it is `easily perceivable from the record that the jury verdict is supported by the evidence.' Therefore, we must hold that the trial court erred in granting the motion for a new trial as it pertained to Courtney."
Wood v. Courtney, 937 So.2d at 1057-58 (footnote omitted; emphasis added).
 Analysis
In her postjudgment motion for a new trial, Courtney itemized the following "uncontradicted" medical expenses, which total $2,602.30:

 Hospital 594.20
 Radiology 48.00
 Ambulance 385.00
 Medication 6.10
 Chiropractor __1,569.00
 TOTAL $2,602.30

The Court of Civil Appeals used the following equation for assessing the jury's award to Courtney — $2,602.30 (total uncontradicted medical expenses) minus $1,569 (total chiropractic expenses) equals $1,033.30. The Court of Civil Appeals concluded that because the award of $1,113 exceeded $1,033.30 (Courtney's uncontradicted medical expenses minus the chiropractic expenses), the verdict was proper. Courtney, however, claims that the Court of Civil Appeals failed to include in its equation her "uncontradicted" damages for lost wages, pain and suffering, and mental anguish.
In addition to itemizing her medical expenses, Courtney also noted in her post-judgment motion for a new trial that her testimony at trial as to her lost wages, pain and suffering, and mental anguish was uncontradicted. If the evidence as to lost wages was without conflict, documented in the record, and presented to the jury, the jury had a duty to include in its award the amount of proven damages for lost wages. Griffinv. Battles, 656 So.2d 1221 (Ala.Civ.App. 1995). *Page 1064 
AFTER reviewing the record, we find that Courtney testified that she suffered lost wages in the amount of $525. The physician's notes reflect that she was ordered to remain off work for three days. She testified that she was actually off work for six days as a result of her injuries and that she had to use an unspecified number of vacation days as a result. Payroll records received in evidence without objection indicated that her gross payment from her employer for the pay period during her injury was also $525. These records refer to a total of two "sick days" and were offered to establish that payment from her employer for the six lost workdays was based upon her assertion of her rights to employee benefits for which she was due reimbursement from Wood. Further, Courtney was not cross-examined as to these records. Even assuming that the jury concluded that her lost time from work should have been only three days, as the doctor ordered, instead of six days, one-sixth of $525 is $87.50. Accordingly, three days lost wages total $262.50. This evidence was without conflict. We, therefore, add the uncontradicted damages for lost wages into the equation: $2,602.30 (uncontradicted medical expenses), plus $262.50 (minimum lost wages), minus $1,569 (chiropractic expenses) equals $1,295.80. Because Courtney's uncontradicted damages of $1,295.80 exceeded the jury's award of$1,113.00, the trial court was obligated to, and did, award Courtney a new trial. We also note that the jury's award gives no consideration to general damages for Courtney's pain and suffering. After general liability was established, Courtney was entitled to damages at least as high as her uncontradicted, proven damages, plus a reasonable amount to compensate her for her pain and suffering. Darring,659 So.2d at 681.
 Conclusion
We reverse the judgment of the Court of Civil Appeals and remand the cause for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, HARWOOD, WOODALL, SMITH, and PARKER, JJ., concur.
NABERS, C.J., and STUART and BOLIN, JJ., concur in the result.
[1] This amount apparently does not include an amount for lost wages.