BRADLEY, Judge.
The appeal is concerned with whether an insured can collect from its insurer under the uninsured motorist provision of an insurance policy and, at the same time, collect from the same insurer under the medical payments provision of the same policy.
Julia Russell filed suit against J.M. Griffin and Allstate Insurance Company as a result of an automobile collision. The claim against Allstate was based on uninsured motorist coverage in its policy of insurance issued to Russell. Allstate admitted coverage and alleged that its limit of liability was $20,000. Allstate then cross-claimed against Griffin on the uninsured motorist coverage and also sought to be subrogated against Griffin for $7,169.54 previously paid to Russell pursuant to the medical payments provision of the policy.
Several efforts were made by plaintiff to have all references to medical payments made by Allstate removed from the pleadings. Plaintiff also attempted to prevent the admission of evidence relating to the medical payments and the reference to the limits of liability under the uninsured motorist provision. Over plaintiff’s objection, the court instructed the jury that the medical payments made to plaintiff were not to be considered in arriving at the amount of damages to be assessed against defendant Griffin, that plaintiff’s recovery was limited to $20,000 — the amount of uninsured motorist coverage — and that plaintiff’s recovery against Griffin and thus Allstate would be limited to her damages excluding medical expenses. The jury returned a verdict for the plaintiff and against the defendant Griffin in the amount of $5,000. The jury also returned a verdict for plaintiff against Allstate for $5,000. The jury then found for Allstate and against Griffin on Allstate’s cross-claim for $12,169.54. After her motion for a new trial based on the admission of evidence and jury charges relating to the medical expenses was overruled, plaintiff appeals to this court.
The facts show that plaintiff and defendant Griffin were involved in an automobile collision and plaintiff was injured. Her medical expenses, for which she was reimbursed by Allstate under the medical payments provision of its automobile liability *903 policy, amounted to $7,169.54. The policy in question provided for uninsured motorist coverage with a limit of $20,000, and the policy also provided for medical payments to the insured as a result of injuries resulting from an automobile accident. Both provisions required separate premiums. The medical payments provision further authorized the insurer to be subrogated to any payments made on behalf of the insured.
The substance of plaintiff’s argument here results in her contention that she is entitled to recover actual damages against the uninsured motorist which should have included her medical expenses. The trial court therefore erred by admitting evidence that Allstate had paid her medical expenses and by instructing the jury to disregard any medical expenses incurred by plaintiff in arriving at a verdict against Griffin. The basis for plaintiff’s contention is that she is entitled to recover whatever the proof might show her damages to be from the uninsured motorist and also to recover whatever her damages might be from her uninsured motorist insurer up to the limit of its policy of insurance. By admitting evidence that she had been paid for her medical expenses and by instructing the jury not to consider such expenses in arriving at its verdict against Griffin and Allstate, she has been denied the right to recover all of her damages.
Allstate replies that it is subrogated to the extent of any medical payments made on behalf of plaintiff up to the limit set out in its insurance policy, and to allow the jury to consider the payment by insurer of medical expenses to the insured could result in a double payment of medical expenses to the insured. According to Allstate, this would be unconscionable and thus prejudicial error.
In Employers National Insurance Co. v. Parker, 286 Ala. 42, 236 So.2d 699 (1970), a case involving the interpretation of the uninsured motorist and medical payments provisions of an automobile liability insurance policy, the supreme court said:
“The insurer’s final assignment of error is in that portion of the trial court’s decree which held that medical payment made to the insured under the ‘Expenses for Medical Services’ coverage of the policy ‘has no effect upon the uninsured motorist coverage.’ The argument is made that the insurer will be compelled to pay the insured twice for the same expenses, since medical expenses would be included in the recovery under the uninsured motorist coverage.
“However, the insurer candidly and quite commendably admits in brief:
“ ‘ * * * All the cases that we have found relate to situations where either a statute or an express clause of the policy provides that medical payments once paid under the medical payment provision may be thus deducted in considering the uninsured motorist provision. These cases are shown in the annotation of 24 A.L.R.3d at page 1356, et seq. There does not appear to be any provision in Policy 213003 which contains such an express provision. * * ’
“Our research has disclosed only one case factually on all fours with the case at bar on this issue, Sims v. National Casualty Company, 171 So.2d 399 (Fla.App.1965). In that case it was held that the insurer was not entitled to credit its medical payments against its uninsured motorist liability. The court stated:
“ ‘The two coverages of the policy which were involved here were separate and independent. For example, if the third party tort feasor had been insured or otherwise solvent and had paid the damages (including medical expenses) owed by him to the plaintiffs, that would not have relieved the plaintiffs’ insurer of its obligation to pay plaintiffs’ medical expenses. * * ’
“We find this reasoning compelling, particularly so in view of the fact that the declarations of the policy (in the case at bar) list separate premiums for medical payments and uninsured motorist coverage of $3.00 and $2.00 respectively. Having promised, in the event of acci *904 dent, to provide medical payments coverage for a consideration of $3.00 and having promised to provide uninsured motorist coverage for an independent consideration of $2.00 and having failed to insert in its policy any provision relating its respective obligations under these two independent covenants, Employers cannot now be heard to complain if it is held to both promises.”
In the case at bar the insurance policy in question does not contain a provision for offsetting or deducting payments made to an insured under the medical payments provision from any payments to be made to the insured under the uninsured motorist provision, as mentioned in Parker. It is submitted that the type of express provision required by Parker would be like that policy provision set out in Sheehan v. Liberty Mutual Fire Insurance Co., 288 Ala. 137, 258 So.2d 719 (1972).
Allstate contends that the subrogation clause in the medical payments provision has the same effect on a double recovery as would a setoff provision noted in Parker. However, as stated in Parker, a specific provision allowing an offset of medical payments against a recovery under the uninsured motorist provision is necessary to prevent a so-called double recovery in the instant case. Consequently, we do not find that the general subrogation clause in the policy in question satisfies the requirements of Parker.
In the absence of such a provision in the insurance policy in question, plaintiff is entitled to recover all of her damages, including medical expenses, from the uninsured tort-feasor, Griffin, and thus against Allstate under the uninsured motorist provision of its policy up to the policy limit. Hence permitting evidence that the medical expenses had been paid by the insurer under the medical payments provision of its policy and instructing the jury not to include the medical expenses previously paid in its damages verdict against Griffin and Allstate constituted reversible error on the part of the trial court.
The judgment of the trial court is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs specially.