This is an appeal by the plaintiff below (appellant) from the denial of her motion for a new trial. The single issue raised on appeal is whether the trial court erred in refusing to grant appellant's motion for a new trial on the ground of inadequacy of the jury's verdict.
The appellant filed a negligence action in the Morgan County Circuit Court, seeking damages for injuries suffered by her in an automobile accident in Hartselle in July 1981. At trial, the appellant offered evidence in support of her claims for medical expenses, lost wages, and pain and suffering. The appellee contested the amounts claimed under both the medical expenses and the lost wages. The major contentions of the appellee were that the appellant could have returned to work much sooner than she did; that the appellant was claiming as medical expenses charges unrelated to or not caused by the accident; and that the type injuries suffered by the appellant were those which should have healed rather quickly, with no severe or extended pain and suffering involved.
After considering the testimony of several witnesses, including the appellant, and after considering the depositions of two physicians seen by the appellant, the jury returned a verdict in favor of the appellant in the amount of $2,000. The appellant then filed a motion for a new trial, alleging as grounds, among others, that the damages awarded by the jury were inadequate. The trial court denied the motion, and this appeal was taken.
The questions presented on a motion for a new trial on the grounds of inadequacy of damages are, (1) whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice, and (2) whether the verdict fails to give substantial compensation for substantial injuries. Roland v. Krazy Glue, Inc., 342 So.2d 383
(Ala.Civ.App. 1977). When considering these questions, the reviewing court must remember that a jury verdict is presumed to be correct and will not be set aside for an inadequate award of damages unless the amount awarded is so inadequate as to plainly indicate that the verdict was the result of passion, prejudice or improper motive. Henderson v. Hanson,414 So.2d 971 (Ala.Civ.App. 1982). This presumption is strengthened when the trial court has denied a motion for a new trial. Henderson,supra.
There was conflicting testimony below over both the nature and amount of the appellant's injuries. It appears from the record that many of the claimed medical expenses were for conditions unrelated to the accident. Whether the itemized medical expenses were proximately caused by negligence is a question for the jury. Stone v. Echols, 351 So.2d 902 (Ala. 1977).
Though appellant claims on appeal that she should have been awarded lost wages for the ten weeks she was off from work, there was ample evidence from which the jury could have concluded that she could have returned to work three weeks after the injury. The customary evidence offered in support of a claim for lost wages is testimony as to the length of time the plaintiff was absent from work due to the injury and the rate of pay that he would have received for those days. (Emphasis added.) Roland v. Krazy Glue, Inc., supra; Ala. Law of Damages § 36-4 (1982). Here the jury apparently believed that the appellant was able to return to work sooner than she chose to.
Appellant also contends that there was considerable testimony as to pain and suffering. The measure of damages for physical suffering is left largely within the discretion of the jury in light of all the circumstances surrounding the injury, including the intensity, severity, character and duration of the suffering. Ala. Law of Damages, § 36-3 (1982). Here, if the evidence is construed most favorably toward the appellee, as the jury apparently did, and we think could reasonably have done *Page 1324 
so, the $2,000 verdict would include at least a small amount for pain and suffering.
Finally, we are aware of decisions which have held that where liability is proven, a verdict must be returned which includes, in addition to an amount sufficient to make any compensation for pain and suffering, an amount at least as high as the uncontradicted special damages. See, Ex parte Patterson,459 So.2d 883 (Ala. 1984); McCain v. Redman Homes, Inc.,387 So.2d 809 (Ala. 1980); Bibb v. Nelson, 379 So.2d 1254 (Ala. 1980);Stone v. Echols, 351 So.2d 902 (Ala. 1977). In this case, however, the special damages were contradicted, and the jury, in exercising its proper function as the trier of fact, apparently did not feel that many of the claimed special damages were proved to have resulted from the appellee's negligence. Therefore, after considering all of the above, it is our opinion that the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.