Joan Lynch filed this action against Kirk Rowser as a result of an automobile accident that occurred in October 1989. Following a jury trial, a verdict was returned for Lynch in the amount of $1,500. Lynch moved for a new trial, alleging inadequacy of damages. The motion was denied. Lynch appeals.
Lynch contends the jury erred in failing to award her actual damages incurred as a result of the accident. She further complains that the jury erred in failing to award compensation for her pain and suffering.
The record reflects that in October of 1989 Lynch was injured in an automobile accident with Rowser. She suffered injury stated to be "acute cervical strain with multiple contusions of the chest and head." After a one-night stay in a hospital, she was given a prescription for pain and discharged in "good condition." The hospital and doctor's charges amounted to $1,276.25.
Lynch did not see a doctor again until nine months later. On July 9, 1990 she saw Dr. Donald Cook, who was referred to her by her attorney. Lynch testified that she went to see Cook because she was still experiencing pain in her neck and arms and she wanted an opinion as to whether she should have surgery on her hands. In his deposition Cook stated that it was his impression that Lynch was suffering from either an injury to one of the discs in her neck or from a soft tissue injury. He stated that he did not think that Lynch was suffering from carpal tunnel syndrome because there was no tenderness in her hands. He recommended that she see a neurologist or a neurosurgeon for additional testing. He gave her prescriptions to relax the muscles and for pain. She had only the one visit with Dr. Cook at that time. The charge for his services was $250.
In January 1991 Lynch was involved in another automobile accident. Her automobile was struck in the rear by an individual who is not a party to this action. She stated that the January 1991 accident "just made the aches and pains I had even worse."
In March 1991 Lynch's attorney referred her to Dr. Todorov, a neurologist. In his deposition Todorov stated that it was his opinion that Lynch was suffering from "cervical whiplash" and "carpal tunnel syndrome." It was his opinion that the injuries sustained in the October 1989 accident were "exacerbated by the second accident in January 1991." Todorov could not say that the carpal tunnel syndrome was caused by the October 1989 accident. He did not restrict Lynch from working and did not suggest that she have surgery to correct the carpal tunnel syndrome. Lynch visited Todorov one time at a cost of $730.
Lynch has been employed as a nurse's assistant in a nursing home for the last eighteen years. Glenda Miller, the administrator of the nursing home, testified that Lynch received an outstanding performance evaluation just months after the October 1989 accident. She further testified that in accordance with the home's policy, *Page 229 
Lynch was given a physical examination and a health questionnaire in April 1990 which revealed that she had no problems with her back or her hands. Miller testified that Lynch did not complain of pain after the October 1989 accident. She stated the complaints of pain began after the January 1991 accident.
Lynch introduced Dr. Cook and Dr. Todorov's charges and the charges for the treatment she received immediately after the accident. The charges equalled $2,256.25. She contends that these charges were undisputed and that the jury should have returned a verdict for the same.
The assessment of damages is a matter within the jury's discretion. Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App. 1988). Where liability is established, the assessment must include an amount at least as high as the uncontradicted special damages, as well as a reasonable amount as compensation for pain and suffering. Nemec.
The necessity and reasonableness of medical expenses is a jury question, and the jury is not obligated to award medical expenses simply because they were incurred. Brannon v. Webster,562 So.2d 1337 (Ala.Civ.App. 1990). It is the jury's duty to determine whether the claimed medical expenses were proximately caused by the defendant's negligence. Brannon. When the extent of the injury is uncertain, the jury has the discretion to determine the amount of damages. Brannon.
A jury verdict is presumed to be correct on appeal. That presumption is strengthened when a motion for new trial has been denied. Sweet v. Foust, 419 So.2d 260 (Ala.Civ.App. 1982).
There was evidence from which the jury could have concluded that not all the claimed damages were a result of Rowser's negligence. For example, Dr. Cook's credibility was severely attacked on cross-examination. The jury may have chosen to disregard his testimony in part or in entirety. Mitchell v.State, 450 So.2d 140 (Ala.Civ.App. 1984). Dr. Todorov did not examine Lynch until after the 1991 accident had occurred — making it impossible for him to determine the extent of the injuries sustained in the 1989 accident. The jury could have determined that his charge related only to the last accident and not that with Rowser. The uncertainties raised by the evidence, particularly the testimony of Lynch's own witnesses, presented a factual question for the jury as to the extent of the injury and the necessary treatment.
The jury found that Lynch did prove her cause of action against Rowser. The emergency medical bills of $1,276.25 were undisputed. Therefore, Lynch is entitled to recover that amount. It is conceivable that the excess of damages ($223.75) was awarded to Lynch for her pain and suffering.
From our review of the record it appears that the jury, as the fact finder, did not believe that Lynch proved her total claim of damages. The trial court's denial of Lynch's motion for new trial is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.