ROBERTSON, Presiding Judge.
Clarence Scovil brought an action against Clifford Shaeffer as a result of an automobile accident on July 16, 1989. After a jury trial, a verdict was returned in favor of Scovil in the amount of $5,000. Scovil’s motion for a new trial based on inadequacy of damages was denied, and he now appeals.
The sole issue in this case is whether the trial court abused its discretion in failing to grant a new trial because of the jury’s failure to award future damages.
At the outset, we note that in Alabama jury verdicts are presumed to be correct, and a trial court’s denial of a motion for a new trial further strengthens this presumption. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). We also note that the assessment of damages rests largely within the discretion of the jury, Nemee v. Harris, 536 So.2d 93 (Ala.Civ.App.1988); and a judgment for damages based on a jury verdict will not be reversed unless it is plainly and palpably wrong. Ashbee.
The jury, after hearing the evidence and after being charged on the law by the trial judge, which included a charge as to future damages, returned a verdict for Scovil in the amount of $5,000 representing past damages.
Scovil contends that the verdict awarding him “past” damages and no “future” damages was inconsistent, inadequate, and contrary to the uncontradicted evidence.
During the trial, medical testimony of Dr. Rodamar, given by deposition, was introduced. When asked if Scovil would have a permanent injury and continue to suffer pain from this injury, he replied that “the true evaluation will only be measured in time.” He further testified that it would not be unlikely that Scovil would have discomfort in the future and that, while damage is not evident at this time, damage could be assessed three to five years later.
Dr. James Doyle, an expert in radiology, then testified that, after reviewing Scovil’s X-rays, he could not see anything on the X-rays that would lead him to believe that the plaintiff suffered any damage as a result of an automobile accident; that he could not tell by reviewing the X-rays whether the plaintiff will need additional medical treatment in the future; and that Scovil was 46 years old and that it is not unusual to find minimal arthritic changes in a man of that age.
Further testimony revealed that, immediately after the accident, Scovil refused an ambula-nce but was later taken to the hospital by his girlfriend. At the hospital, Scovil was examined and released. Five days after the accident Scovil visited Dr. Rodamar; however, he did not inform Dr. Rodamar of the accident. Scovil testified that the reason he did not inform Dr. Rodamar of the recent accident was because this visit was for a routine physical required in order for Scovil to maintain his license to drive a truck. Scovil did not tell Dr. Rodamar of the accident until August 8, 1989, over three weeks after the accident. Scovil also testified that, at the time of trial, he was employed at Bracewell & Grant where he loaded wood with a loader and occasionally stacked wood manually.
After a thorough review of the record, we cannot find that the trial court erred in denying Scovil’s motion for a new trial or that the jury’s award of $5,000 in past damages and no award of future damages was plainly and palpably wrong. It is apparent from the verdict that the jury did not believe Scovil was going to suffer any future damages.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.