THIGPEN, Judge.
This is an uninsured motorist case.
The record reveals that Billie Dean Dennis was involved in an automobile accident with Danita Lewis, an uninsured motorist, on February 22,1989. Dennis’s automobile insurance policy with State Farm Mutual Automobile Insurance Company (State Farm) included uninsured motorist coverage.
As a result of the accident, Dennis sustained injuries requiring outpatient medical treatment. Two days after the accident, Dennis returned to the hospital, complaining of headaches and generalized body aches. Those symptoms were diagnosed as a closed head injury with no neurological deficit or permanent neurological problem.
In March 1989, Dennis received treatment from two physicians for injuries related to the accident, and in September 1989, Dennis saw Dr. E.G. Chalhub, complaining of short term memory loss. Dennis’s only physical complaints related to her shoulder. In October 1989, Dr. Chalhub’s examination revealed that Dennis had no nervous system complaints, and her medical evaluation was normal.
In December 1990, approximately twenty-one months after the accident, Dennis sought treatment from an internal medicine specialist, who diagnosed panic attacks. He further indicated that her abdominal pain was not related to the accident. Dennis returned for follow-ups later in December 1990, and again in September 1991. She was ultimately referred to a psychologist, who diagnosed Dennis to be suffering from agoraphobia, a refusal on the part of a person to leave a space in which they feel secure, with panic attack and post-traumatic stress syndrome (PTSD). Dennis was next referred to a psychiatrist, who also diagnosed PTSD.
Dennis and her husband filed an action alleging that Lewis was negligent in the operation of her motor vehicle, and that she was an uninsured motorist under the terms of their insurance policy with State Farm. Dennis further alleged that Lewis was wanton in the operation of her motor vehicle. Additionally, the husband alleged that as a result of Lewis’s actions, he has incurred medical expenses on behalf of, and has lost the services and companionship of, Dennis.
Consistent with a jury verdict, the trial court entered its judgment awarding Dennis compensatory damages in the amount of $7,000. After the post-judgment motion was denied, Dennis and her husband appealed. Dennis’s husband did not recover at the trial court level, and joins in this appeal; however, no issues or arguments presented on appeal pertain to him.
The only issue Dennis raises on appeal is whether the trial court erred in denying her motion for a new trial in light of the amount of damages awarded.
*303 In Alabama, jury verdicts are presumed to be correct and that presumption of correctness is further strengthened by a trial court’s denial of a motion for new trial. The appellate court reviews the tendencies of the evidence most favorable to the prevailing party and indulges such inferences as the jury was free to draw. Accordingly, when a judgment is based on a jury verdict, it will not be reversed unless it is plainly and palpably wrong. Ashbee v. Brock, 510 So.2d 214 (Ala.1987).
The measure of damages for physical suffering is left largely within the discretion of the jury, which is to make its determination in light of all the circumstances surrounding the injury, including the intensity, severity, character and duration of the suffering. Orr v. Hammond, 460 So.2d 1322 (Ala.Civ.App.1984).
In the instant case, it was undisputed that Dennis received medical treatment for some physical injuries suffered as a result of the accident. Dennis claims, however, that her agoraphobia and PTSD are a direct result of the accident. State Farm argues that Dennis’s alleged agoraphobia and PTSD were not a proximate result of the 1989 accident. While it is undisputed that Dennis suffered injuries and received treatment for which she presented evidence regarding expenses, the amount of the expenses attributable to the accident is disputed. Although Dennis alleged special medical damages exceeding $9,000, the jury awarded Dennis compensatory damages of $7,000.
The standard for review of the inadequacy of damages as set out in Hardy Insurance Co. v. Baumhauer-Croom Insurance, 339 So.2d 584, 587 (Ala.Civ.App.1976), is “whether the record affirmatively reveals either an improper motive of, or improper influence on, the jury. If there is no such showing, then it must appear that the verdict fails to give substantial compensation for substantial injury.” Where there is conflicting evidence, however, the appellate court does not substitute its judgment for that of the jury. Ray E. Loper Lumber Co. v. Windham, 291 Ala. 428, 282 So.2d 256 (1973). Even in cases of severe and permanent injury, a court will not set aside a jury verdict merely because, in its opinion, the jury awarded too much or too little. Alabama Great Southern R.R. v. Baum, 249 Ala. 442, 31 So.2d 366 (1947).
The instant case appears factually similar to Davis v. Copas, 455 So.2d 27 (Ala.Civ.App.1984), wherein a jury assessed damages of $1,000 on a claim exceeding $3,000. In Davis, supra, the defendant’s attorney, on cross-examination, created conflicts and exposed weaknesses in the plaintiff’s case regarding whether the alleged trauma was actually a result of the automobile accident in question. Similar conflicts and weaknesses also appear in the record of the instant case.
In the instant case, the jury, as the trier of fact, was free to interpret the evidence presented regarding Dennis’s injuries and the proximate cause of such injuries. From the damages awarded, it appears that the jury determined that Dennis had not proven that all damages claimed were proximately caused by the accident.
Dennis relies on Orr, supra, at 1324, which states that “where liability is proven, a verdict must be returned which includes, in addition to an amount sufficient to make any compensation for pain and suffering, an amount at least as high as the uncontra-dicted special damages.” In the instant case, however, special damages were contradicted by testimony elicited during the trial. In Orr, supra, contradiction permitted the jury to decide that many of the claimed special damages were not caused by the defendant’s negligence.
Recently our Supreme Court held that “[hjaving found the liability issue in favor of [plaintiff], the jury was not free to assess damages in an amount less than those special damages proven by way of medical expenses and loss of earnings, that proximately resulted from the culpable conduct of the defendant.” Thompson v. Cooper, 551 So.2d 1030, 1031 (Ala.1989). (Emphasis added.) The reasonableness and necessity of the expenses are questions for the jury, and the jury is not bound to award medical expenses merely because they were incurred. Brannon v. Webster, 562 So.2d 1337 (Ala.Civ.App.1990). Where there is dispute in testimony, it is for the jury to determine whether the claimed medical ex *304 penses were proximately caused by the negligence. Orr, supra.
It is peculiarly within the province of the jury to resolve conflicts regarding the proximate consequences of a defendant’s negligence. Youngblood v. Thornton, 576 So.2d 229 (Ala.1991). State Farm argues that Dennis’s special damages total approximately $3,300. Although this court cannot determine exactly how the jury reached its award of $7,000, a calculation utilizing the damages figure asserted. by State Farm provides some insight and realistically considers the compensatory award as encompassing pain and suffering damages. The jury apparently decided that Dennis had not proven all of the special damages she claimed, and the evidence supporting that conclusion also supports the trial court’s denial of Dennis’s motion for a new trial. That denial was within the sound discretion of the trial court, and it carries with it a presumption of correctness which will not be disturbed unless some legal right was abused and the record plainly and palpably shows the trial court was in error. Butler v. King, 437 So.2d 1300 (Ala.Civ.App.1983).
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.