This is an appeal from the denial of a motion for a new trial following a jury verdict of $1.00.
On July 28, 1991, Ron Jones and Martha Butts were involved in an automobile accident. Ron Jones filed a complaint against Martha Butts, seeking compensatory damages for personal injury and property damage, *Page 105 
and punitive damages.[1] Jones requested that his case be tried before a jury. Butts moved to add Blue Cross and Blue Shield of Alabama (Blue Cross) as a party plaintiff, alleging that Blue Cross had paid Jones's medical bills arising out of the accident. The trial court added Blue Cross as a plaintiff.
The case was tried before a jury which returned a verdict in favor of Jones and Blue Cross as to liability; however, the jury only awarded them damages in the amount of $1.00.
On June 3, 1993, Jones and Blue Cross filed a motion for a new trial, alleging that the damages awarded were inadequate and that the jury's verdict was inconsistent. This motion for a new trial was ultimately denied by the trial court.
Jones and Blue Cross appeal. We find the dispositive issue on appeal to be whether the trial court erred in denying the motion for a new trial.
The assessment of damages rests largely within the discretion of the jury. Scovil v. Shaeffer, 598 So.2d 933
(Ala.Civ.App. 1992). Whether to grant or deny a motion for a new trial is a decision committed to the sound discretion of the trial court, and this court will not reverse on appeal absent a showing of an abuse of that discretion. Franklin v. Cannon,565 So.2d 119 (Ala. 1990).
The record reveals that Jones was turning into his driveway from the "Deatsville Highway" when his truck was struck from the rear by an automobile driven by Butts. Upon impact, Jones's truck flipped over at least one time and destroyed the mailbox in his front yard before coming to rest upright in his driveway. Jones testified that he had intense pain in his legs, hip, and back immediately after the accident but that he did not think the pain was serious. However, he further testified that he could not get out of bed the day after the accident and that he sought medical attention at that time. Jones testified that it cost him $187 to replace his mailbox, which was destroyed as a result of the accident. The reasonableness and necessity of the medical bills offered were undisputed. Also, the difference between the before and after value of Jones's truck was stipulated to be $8700.[2] This evidence was not contradicted.
Where liability is established, the assessment of damages must include an amount at least as high as the uncontradicted special damages, as well as reasonable amount as compensation for pain and suffering. Carver v. Walden, 602 So.2d 426
(Ala.Civ.App. 1992). Liability on the part of Butts was established when the jury returned a verdict in favor of Jones and Blue Cross. There was undisputed damages and stipulated damages presented to the jury. A jury is not at liberty to ignore undisputed evidence. City of Gadsden v. Brannon, 581 So.2d 1106
(Ala.Civ.App. 1991).
Jones and Blue Cross were entitled to recover at least an amount equal to their uncontradicted damages as well as a reasonable amount as compensation for Jones's pain and suffering.
We find that the trial court abused its discretion in failing to grant the post-judgment motion. Consequently, we reverse the judgment of the trial court and remand this cause for a new trial.
REVERSED AND REMANDED.
THIGPEN and YATES, JJ., concur.
[1] Ron Jones's wife, Nancy Jones, was originally a plaintiff also, claiming damages for loss of consortium. She was voluntarily dismissed before the jury returned its verdict.
[2] This $8700 in damages had already been paid to Jones by his insurance carrier, who also insured Butts. Jones's insurance contract provided that he could only be compensated once in such a situation; however, the jury was not made aware of that provision. The jury's verdict would have been due to be reduced by this amount in accordance with Jones's insurance contract. *Page 106