Judy Paschal filed this action against Lashana Nixon as a result of an automobile accident that occurred in July 1990. Following a jury trial, a verdict was returned for Paschal in the amount of $2,500. Paschal moved for a new trial, based on inadequacy of damages. The motion was denied. Paschal appeals.
The issue before this court is whether the trial court erred in refusing to grant a new trial for inadequacy of damages. Nixon did *Page 111 
not file a cross appeal. Therefore, liability is not at issue.
The assessment of damages is a matter within the jury's discretion. Thompson v. Cooper, 551 So.2d 1030 (Ala. 1989);Nichols v. Perryman, 615 So.2d 636 (Ala.Civ.App. 1992). Where liability is established, the assessment must include an amount at least as high as the uncontradicted special damages, as well as a reasonable amount of compensation for pain and suffering.Thompson; Nichols. A jury verdict is presumed correct on appeal. That presumption is strengthened when a motion for a new trial has been denied. Thompson; Nichols.
Paschal presented uncontroverted evidence that she sustained approximately $2,588 in medical expenses for treatment of injuries resulting from the automobile accident. She testified that she missed approximately nine days of work due to the accident. She stated that she still has pain in her knee every day. She may at some time have to undergo arthroscopy on her knee and possibly have surgery on her nose.
We find the damages awarded to Paschal to be inadequate. The uncontroverted evidence concerning the amount of medical expenses incurred exceeded the amount of damages awarded by the jury. Thus, it is evident that the verdict did not include any compensation for pain and suffering or for lost wages.
The trial court erred in failing to grant Paschal's motion for a new trial based on the inadequacy of damages. Paschal's motion is directed to be granted.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.[1]
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] This case was transferred to the author of this opinion on June 27, 1994.