This case concerns the adequacy of a jury verdict for damages based upon uncontradicted evidence.
Mary Simon Griffin sued Dwayne Battles, an uninsured motorist, alleging that she had been involved in an automobile accident; that Battles had negligently or wantonly caused the accident; and that as a result of the accident, Griffin had suffered personal injury and property damage to her automobile. Griffin sought damages of $75,000 plus costs. The record discloses that Griffin received some compensation from her insurance company, pursuant to her uninsured motorist coverage, and that this information was provided to the jury during trial. Prior to the jury being brought into the courtroom, the lawyers and the trial court discussed what issues would be tried. Although Griffin had failed to plead special damages, such as lost wages, the parties tried those issues, without objections, and the jury heard evidence regarding Griffin's special damages and losses. Rule 15(b), A.R.Civ.P. Battles consented to try the issues regarding Griffin's special damages by failing to object to evidence raising those issues. Additionally, implied consent to try the issues not specifically raised by the pleadings, such as Griffin's special damages, "may be inferred when the opposing party himself offered evidence relative to the issue." InternationalRehabilitation Associates, Inc. v. Adams, 613 So.2d 1207, 1214
(Ala. 1992).
Following the trial, the jury found for Griffin and against Battles and awarded Griffin damages of $11,105. The trial court entered a judgment for that amount against Battles. Battles filed a motion for set-off, asserting that he had admitted liability, and that the only issue at trial was damages. He argued that because Griffin had received $20,500 from her insurance company, he should be allowed a set-off for that amount, and, therefore, should be relieved of paying the judgment against him. The trial court granted Battles's motion for a set-off and ordered that the judgment be marked satisfied. Griffin filed a post-judgment motion for a new trial, in essence, challenging the adequacy of the damages award. She cited Russell v. Griffin, 423 So.2d 901
(Ala.Civ.App. 1982), to support her argument that she was entitled to recover her proven damages from the uninsured motorist. The trial court denied Griffin's post-judgment motion, and she appealed. The only issue in Griffin's post-judgment motion and her appeal concerns the adequacy of the damage award. SeeBeatty v. McMillan, 226 Ala. 405, 147 So. 180 (1933).
While jury verdicts are presumed correct, it is well settled that a trial court's denial of a new trial must be reversed when the amount of damages awarded is insufficient to compensate for undisputed damage or loss. Stinson v. AcmePropane Gas Co., 391 So.2d 659 (Ala. 1980). See also Whisenantv. Nationwide Mutual Fire Insurance Co., 577 So.2d 909 (Ala. 1991). The trial court must grant a new trial where the jury verdict is unjust and inadequate. Stinson v. Acme Propane GasCo., 391 So.2d 659.
The evidence is undisputed that Griffin had received approximately $21,500 from her insurance carrier; i.e., approximately $18,000 for medical expenses, and $3,500 for her automobile. Uncontradicted evidence regarding Griffin's actual damages indicates, among other things, that Griffin was still responsible for approximately $1,500 outstanding on a loan secured by the automobile, that she incurred expenses for attorney fees in the settlement negotiations with her insurance company, that she has not been compensated for the deductible on her insurance policy, that she had lost wages for a period exceeding three months, that she continues to experience pain and to take medication for pain, and that, as a direct result of this insurance claim, Griffin's insurance premiums were increased. Although Battles, via cross-examination of Griffin, attempted to raise uncertainty regarding specific amounts of Griffin's special and general damages, he presented nothing to dispute the actual damages that Griffin proved.
Griffin testified that, prior to the accident, she was working two jobs, and that she *Page 1224 
was caring for her mother, who was sick. Griffin's testimony regarding her income and the amount of time she totally lost from working, due to the accident with Battles, was the only evidence of the value of Griffin's time. Calculating Griffin's lost wages, based on her uncontradicted evidence regarding the period of time she was unable to work and her undisputed testimony regarding her wages and hours, leads to the conclusion that her lost wages from one of her jobs were in excess of $5,000, and her lost wages from her second job were approximately $2,400, totalling over $7,400 in lost wages. That uncontradicted opinion evidence of value was binding on the jury. Bibb v. Nelson, 379 So.2d 1254 (Ala. 1980); see alsoJones v. Butts, 646 So.2d 104 (Ala.Civ.App. 1994).
Similarly, the only evidence regarding the value and condition of Griffin's automobile was Griffin's testimony. She testified that she bought the car new, that she took good care of it, and that she had recently purchased four new tires and a new radio and tape player for the car. She stated that the car was "just like new," that it was worth more than the loan value of $5,000, and that she valued it between $8,000 and $10,000, and "at least" $8,000. She testified that she accepted the insurance company's offer of $3,500 for her car on the advice of her attorney in order to settle the claims with her insurance company. The jury was not free to disregard Griffin's undisputed testimony that the value of her car was at least $8,000. Stone v. Echols, 351 So.2d 902 (Ala. 1977), and Jonesv. Butts, 646 So.2d 104. Even if the jury was allowed to subtract the $3,500 paid to Griffin by her insurance company for the car, from the lowest uncontradicted value of the car, the remaining undisputed value of Griffin's loss, as it pertained to the car, would then be $4,500.
Clearly, the undisputed evidence regarding the total of Griffin's lost wages and her loss of value in her car exceeded the jury award, with no consideration given to her other claimed damages, nor any general damages for her pain and suffering. O'Daniel v. Bates, 456 So.2d 807 (Ala.Civ.App. 1984). The law is clear that, after liability was established, Griffin was entitled to damages at least as high as her uncontradicted, proven damages, plus an amount to compensate her for pain and suffering. Posey v. McCray, 594 So.2d 152
(Ala.Civ.App. 1992). Damages are considered to be inadequate where the award is less than the proven damage or loss. Jonesv. Butts, 646 So.2d 104; Kinard v. Davis, 594 So.2d 157
(Ala.Civ.App. 1992); and City of Gadsden v. Brannon, 581 So.2d 1106
(Ala.Civ.App. 1991). A jury's verdict for damages simply "cannot stand if it varies from an uncontradicted opinion of value." Williams v. Williamson Truck Lines, Inc.,353 So.2d 1172, 1174 (Ala.Civ.App. 1978).
Part of the claimed general damages naturally flowing from personal injury may be for pain and suffering, and the measure of those damages is left largely to the discretion of the jury.Feazell v. Campbell, 358 So.2d 1017 (Ala. 1978). See also C. Gamble, Alabama Law of Damages § 36-3, (2d ed. 1988). It is well settled that once liability is proven, a verdict must be returned for an amount at least as high as uncontradicted damages, plus an amount sufficient to compensate "for pain and suffering." Orr v. Hammond, 460 So.2d 1322, 1324
(Ala.Civ.App. 1984). Uncontradicted evidence proves Griffin's actual damages or loss far exceed $11,105, the amount of the jury verdict and the resulting judgment. The trial court's failure to grant Griffin a new trial based upon the inadequacy of damages constitutes reversible error. Stinson v. Acme PropaneGas Co., 391 So.2d 659.
Furthermore, the trial court's allowance of a beneficial set-off to Battles, the tort-feasor, also requires reversal. An insurance company may be allowed to set-off damages when the policy contains express set-off provisions in its coverage for separate types of claims, e.g., medical payments coverage and uninsured motorist coverage. See Employers National InsuranceCo. v. Parker, 286 Ala. 42, 236 So.2d 699 (1970). "In the absence of [a set-off] provision in the insurance policy . . ., plaintiff is entitled to recover all her damages, including medical expenses, from the uninsured tort-feasor, . . ., and thus against [the insurance company] . . . up to the policy limit." Russell v. Griffin, 423 So.2d 901, 904 (Ala.Civ.App. 1982). In other *Page 1225 
words, while set-off may be claimed by Griffin's insurer by virtue of an express provision in its policy, that set-off is not available to Battles, the tort-feasor, and the trial court erred in allowing Battles the benefit of an insurance set-off available only by an express reservation.
Additionally, the trial court erred in allowing the amount paid by the insurer to completely satisfy the judgment against Battles. This court has permitted benefits paid by an insurance company, pursuant to its uninsured motorist coverage, to be considered as partial satisfaction of a judgment against a tortfeasor "to meet the plaintiff's measure of damages."Batchelor v. Brye, 421 So.2d 1267, 1269 (Ala.Civ.App. 1982). Here, however, Griffin's measure of damages has not been properly determined. Furthermore, "[p]ayment is not a matter of set-off, but is a matter of defense." Boles v. Steel,48 Ala. App. 268, 271, 264 So.2d 191, 193 (Ala.Civ.App. 1972), cert. quashed, 288 Ala. 732, 264 So.2d 194 (1972). There is no indication in the record that Battles pled an affirmative defense regarding payment. Rule 8(c), A.R.Civ.P.
Accordingly, the judgment of the trial court must be reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.