Marilyn Kay Smith appeals from the trial court's denial of her motion for new trial. Smith's motion alleged inadequacy of the damages awarded to her by the jury. We reverse and remand.
Smith sued Matthew G. Darring, alleging negligence and wantonness in regard to an automobile accident. The record reflects the following facts. On Thursday, February 18, 1993, Smith stopped her automobile in traffic after a school bus stopped in front of her. Darring's automobile struck Smith's from the rear. The impact knocked Smith's automobile off the road, where it rolled over into a concrete drainage ditch and came to a stop upside down. Paramedics examined Smith at the scene; she complained of pain in her neck, in her right arm, and in her back just below her shoulder. Her husband transported her to the hospital. Emergency room personnel examined Smith, prescribed pain medication, and advised her to seek medical attention if her pain did not subside within a few days. Smith was not able to work on the Friday after the accident. The following week, she consulted an orthopedic surgeon, who diagnosed a cervical and trapezius muscle strain and prescribed medication and physical therapy. Smith visited her physician 8 times and her physical therapist 21 times. She also underwent a diagnostic procedure called an MRI to determine whether she had any spinal cord or disc injury. Smith's physician and therapist tried several different kinds of treatment, including an electrical pain-relieving device known as a "TENS unit," and she gradually improved.
Smith's special damages are itemized as follows.
 Emergency room $ 158.00 Orthopedic surgeon 345.00 Physical therapist 1,184.00 TENS Unit 105.39 Prescriptions 27.94 MRI 490.00 One day's wages 117.00 --------- TOTAL $2,427.33
Darring's lawyer stipulated to the reasonableness and necessity of those damages. At trial, the jury returned a verdict for Smith, but awarded her only $500 in damages. Smith argues that once the jury found Darring liable, it was obliged to assess damages of at least the amount of proven, uncontroverted, reasonable, and necessary special damages that proximately resulted from Darring's conduct. Because Darring did not cross appeal, liability is not at issue.
The assessment of damages is essentially committed to the discretion of the jury. Jones v. Butts, 646 So.2d 104, 105
(Ala.Civ.App. 1994). The jury's verdict is presumed correct on appeal, and that presumption is strengthened upon the denial of a motion for new trial. Paschal v. Nixon, 646 So.2d 110, 111
(Ala.Civ.App. 1994). Whether to grant or to deny a motion for new trial is vested within the sound discretion of the trial court, and this court will not reverse that decision on appeal without a showing of an abuse of discretion. Butts, 646 So.2d at 105. Nevertheless, where liability is established, the jury's assessment of damages must include, at the least, an amount sufficient to compensate the plaintiff for his or her uncontradicted special damages, as well as a reasonable amount of compensation *Page 680 
for pain and suffering. Paschal, 646 So.2d at 111. If the jury's damages award is inadequate, the trial court has a duty to grant a new trial. Denton v. Foley Athletic Club,578 So.2d 1317, 1319 (Ala.Civ.App. 1990). If a judgment is challenged on the ground of inadequate damages, this court must attempt to ascertain from the record whether the verdict gives substantial compensation for substantial injury. Id.
Darring argues that Smith's damages claims were called into question by defense counsel's cross-examination, and, therefore, that her special damages were not uncontradicted. We disagree. Darring cites a number of cases in which this court has upheld a jury verdict in an amount less than the plaintiff's special damages, but we find those cases distinguishable from the case before us. See, e.g., Dennis v.Lewis, 621 So.2d 301 (Ala.Civ.App. 1993) (insufficient evidence linking the plaintiff's psychological problems to her automobile accident); Brannon v. Webster, 562 So.2d 1337
(Ala.Civ.App. 1990) (the testimony of the plaintiff's doctor conflicted with her claims regarding the nature and extent of her injuries); Lartigue v. Fleming, 489 So.2d 583
(Ala.Civ.App. 1986) (the plaintiff told her dentists that she broke her jaw in a boating accident, not that the defendant had injured her); Davis v. Copas, 455 So.2d 27 (Ala.Civ.App. 1984) (the plaintiff's pre-existing medical problems caused the same symptoms as did her injuries, and she had no records to support many of her expense claims).
Darring first argues that the jury could have found that Smith was not as seriously injured as she claimed to be, pointing to photographs of his automobile shown to the jury, which depicted minimal damage, and citing testimony regarding trips made by Smith to Georgia with her family on the weekend after the accident and on subsequent weekends. Although this evidence could have been considered by the jury in determining damages for Smith's pain and suffering, we find that it does nothing to refute the amount of Smith's medical expenses, nor the reasonableness and necessity of the medical treatment rendered to her. Smith's physician testified that Smith's injuries were caused by the automobile accident, that she was experiencing pain from her injuries, that she cooperated fully with the medical treatment recommended, and that her medical bills were reasonable and necessary. That testimony was not contradicted. Although Darring argues that Smith was well enough to cancel a physical therapy appointment to accommodate one of the Georgia trips, the physical therapist's notes clearly refute that contention.
Darring next argues that the jury had evidence before it that "every one" of Smith's medical bills were paid by her insurance carrier, leaving the jury free to determine that Smith was not due to be compensated for her medical expenses. Alabama's collateral source rule, which allowed recovery against a tort-feasor of medical expenses paid by a collateral source, was abrogated by § 12-21-45, Ala. Code 1975. Senn v. Alabama GasCorp., 619 So.2d 1320, 1325 (Ala. 1993). Section 12-21-45
provides that in a civil action where damages for medical expenses are claimed, evidence that a plaintiff's medical expenses have been or will be paid or reimbursed is admissible, and states that information regarding payment or reimbursement of medical expenses is subject to discovery. Darring could have introduced such evidence about all of Smith's medical expenses, but the record reflects that he did not. The only testimony at trial regarding payment or reimbursement of Smith's medical expenses from a collateral source was as follows:
 "Q And have a portion or all of your medical expenses been paid by another party?
 "A I guess so — our insurance, medical insurance, we have co-pays that we have to pay on it.
"Q You recall about what that is?
"A We have to pay $20.00 for each visit.
"Q Eight visits with [the orthopedic surgeon]?
"A You pay anything that insurance doesn't cover."
From the foregoing, the jury could have determined that Smith paid $160, not $345, for her visits to her physician; however, the jury had no evidence from which it could have determined which of Smith's other medical expenses, if any, were paid or reimbursed. *Page 681 
The jury was not free to assess damages based on speculation or conjecture. Great American Ins. Co. v. Railroad FurnitureSalvage of Mobile, Inc., 276 Ala. 394, 162 So.2d 488, 493
(1964).
Darring also attempts to argue that Smith was not due to be compensated for her lost wages, alleging that she missed work the Monday following the accident and arguing that she may not have returned home from her weekend trip to Georgia in time for work. We do not understand that argument, in light of Smith's clear, unequivocal testimony that the accident was on Thursday afternoon and that she did not go to work the next day.
We find that the damages awarded by the jury to Smith were inadequate. Having found the liability issue in favor of Smith, the jury was not at liberty to assess damages in an amount less than the uncontroverted special damages, i.e., medical expenses and lost wages, that proximately resulted from Darring's culpable conduct. Thompson v. Cooper, 551 So.2d 1030, 1031
(Ala. 1989). Given Darring's liability, Smith was entitled to recover the amount of her medical expenses and lost wages, plus a reasonable amount for her pain and suffering. Id. See alsoPosey v. McCray, 594 So.2d 152, 154 (Ala.Civ.App. 1992). On retrial, the evidence permitted by § 12-21-45 may be more fully developed, if applicable. McCullough Appliance, Inc. v. Suit,628 So.2d 779, 780-81 (Ala.Civ.App. 1993).
The trial court abused its discretion when it denied Smith's post-judgment motion. We reverse the judgment, and remand the cause with directions to the trial court to grant Smith's motion for a new trial.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.