ROBERTSON, Presiding Judge.
Henry Arthur Daniel appeals from the trial court’s denial of his motion for a new trial alleging inadequacy of a jury’s verdict.
On April 19,1990, Daniel was injured when his automobile was struck from behind by a truck driven by Brian Scott Adkins. At the time of the accident, Adkins was driving the truck for his employer, Adkins Electrical Service. Daniel sued Adkins and Adkins Electrical Service in the Jefferson County Circuit Court, alleging that Adkins had operated the truck negligently or wantonly and had thereby caused his injuries. Daniel also alleged that Adkins Electrical Service was liable under the theory of respondeat superi- or. Daniel sought compensation for damage to his automobile, past and future medical *347 expenses, past and future wages, pain and suffering, and mental anguish. The case was tried in May 1995; the awarded Daniel $1000 in damages.
The only issue on appeal is the adequacy of the damages awarded to Daniel. Daniel contends that his motion for a new trial should have been granted because, he says, the jury’s $1,000 award was inadequate compensation for, among other things, the uneontradieted proven damage to his automobile.
“The assessment of damages is essentially committed to the discretion of the jury. Jones v. Butts, 646 So.2d 104, 105 (Ala.Civ.App.1994). The jury’s verdict is presumed correct on appeal, and that presumption is strengthened upon the denial of a motion for new trial. Paschal v. Nixon, 646 So.2d 110, 111 (Ala.Civ.App.1994). Whether to grant or to deny a motion for new trial is vested within the sound discretion of the trial court, and this court will not reverse that decision on appeal without a showing of an abuse of discretion. Butts, 646 So.2d at 105. Nevertheless, where liability is established, the jury’s assessment of damages must include, at the least, an amount sufficient to compensate the plaintiff for his or her uneontradieted special damages, as well as a reasonable amount of compensation for pain and suffering. Paschal, 646 So.2d at 111. If the jury’s damages award is inadequate, the trial court has a duty to grant a new trial. Denton v. Foley Athletic Club, 578 So.2d 1317, 1319 (Ala.Civ.App.1990). If a judgment is challenged on the ground of inadequate damages, this court must attempt to ascertain from the record whether the verdict gives substantial compensation for substantial injury. Id.”
Smith v. Darring, 659 So.2d 678, 679-80 (Ala.Civ.App.1995).
In support of his claim based on damage to his automobile, Daniel testified on direct examination as follows:
“Q. The car that you were driving at the time [of the accident] was an ’87 Nissan; is that right, sir?
“A. Yes, sir.
“Q. And the photographs that the ladies and gentlemen are looking at now, do they reflect the damage that was done in the wreck?
“A. Yes, sir.
“Q. What sort of condition was the car in right before the wreck?
“A. The car was in excellent condition.
“Q. And do you have a judgment or opinion as to its fair market value immediately before the wreck?
“A. I think the car was worth [$12,000].
“Q. And what [was it worth] immediately after the wreck?
“A. A little over [$3,000].”
The photographs referred to in the testimony show that Daniel’s automobile sustained damage to the front, the rear, and the right side. On cross-examination, Daniel testified that “there was damage underneath the car and the frame was compressed up to the front axle” and that he thought the car’s frame had been straightened before the photographs were taken.
Although the defendants did not present any testimony or introduce any documents concerning the damage to the automobile, they argue that the evidence before the jury regarding the damage to the automobile was not uneontradieted. Specifically, they argue that the photographs of Daniel’s automobile submitted into evidence contradicted Daniel’s opinion testimony and could have allowed the jury “to make its own determination ... as to the extent of the damage to the vehicle.” The defendants’ argument is without merit. The photographs of Daniel’s automobile do not contradict his testimony regarding the damage to his automobile and its decrease in value. In fact, the photographs reveal that the automobile sustained substantial damage; the rear bumper, hatch, and right rear quarter were severely dented, and the car appears to be contorted.
This case is analogous to Jones v. Carter, 646 So.2d 651 (Ala.1994). In Jones, the plaintiffs uneontradieted testimony showed that his automobile was worth $9,000 immediately before the accident and that the automobile was valueless after the accident. Id. The jury awarded the plaintiff $3,500 in dam *348 ages. Our Supreme Court set aside the jury’s verdict because it was less than the uneontradicted evidence established the plaintiffs loss to have been. 646 So.2d at 653. See also Stone v. Echols, 351 So.2d 902 (Ala.1977), and Griffin v. Battles, 656 So.2d 1221 (Ala.Civ.App.1995).
The defendants’ liability was established when the jury returned a verdict for Daniel. Once liability was established, Daniel was entitled to recover compensation for his proven damage or loss. See Jones v. Butts, supra. “A jury’s verdict for damages simply ‘cannot stand if it varies from an uncontradicted opinion of value.’” Griffin, 656 So.2d at 1224 (quoting Williams v. Williamson Truck Lines, Inc., 353 So.2d 1172, 1174 (Ala.Civ.App.1978)).
We conclude that the trial court abused its discretion by denying Daniel’s motion for a new trial. Consequently, we reverse the judgment of the trial court and remand this cause for a new trial.
REVERSED AND REMANDED.
YATES and CRAWLEY, JJ., concur.