Beverly Nix filed this action against DeWayne Walter Key and the Lawrence County Board of Education as a result of an automobile accident that occurred in April 1993. Following a jury trial, a verdict was returned for Nix in the amount of $15,000. NIX filed a motion for a new trial, which was denied. NIX appeals.
On appeal Nix questions the adequacy of the damages and the alleged evidentiary errors made by the trial court. The only issue properly raised for our review is the adequacy of the damages. In Alabama, the party who prevailed in the trial court can appeal only on the adequacy of the damages awarded.Nichols v. Perryman, 615 So.2d 636 (Ala.Civ.App. 1992).
The record reflects that the automobile accident between Nix and Key occurred on April 23, 1993. Key ran into the back of Nix's truck, causing Nix to hit her neck against a gun rack in her truck. At the time of the accident, Key was the superintendent for the Lawrence County Board of Education and was driving an automobile owned by the Board.
Immediately following the accident, Nix began shaking. She was uncertain as to the cause of the shaking. She thought that it was probably just nerves. The next day Nix went to the emergency room, complaining of pain in the back of her neck down to the middle of her back. The emergency room doctor gave her medication and told her to call her family doctor if she did not feel better. Two days later, on the advice of her sister-in-law, Nix made an appointment with Dr. Phillip Maxwell, a chiropractor.
Dr. Maxwell treated Nix for approximately five months, decreasing the number of visits as her condition improved. In late September 1993, Dr. Maxwell released Nix, finding that she had a full range of motion and had reached maximum medical improvement. Dr. Maxwell's charges totaled § 3,787.50.
On November 2, 1993, Nix experienced a severe sneezing episode. During the sneezing episode, Nix experienced such intense pain in her neck and right shoulder that she "fell to her knees." Following this episode, Nix suffered increased neck pain and began to experience numbness in her right arm.
The next day Nix visited her family doctor, Dr. Charles Coffey. Dr. Coffey hospitalized Nix for eight days. He subsequently referred her to a neurosurgeon, Dr. Frank Haws. Dr. Haws performed a diskectomy and a fusion at C5-6. The medical expenses incurred after November 2, 1993, equalled approximately $28,000.
Prior to the accident, Nix worked out of her home, sewing industrial garments. At the time of the accident, she had a contract to sew 36 cases of clothing per week, for which she was paid $6.25 per case. She earned approximately $225 per week. Nix testified that after the accident, she attempted to work in August and September of 1993, but that she was unable to do so on a sustained basis. Since that time she has not been gainfully employed.
Nix testified that she still experiences intense pain and that her lifestyle has changed dramatically because of the pain. She testified that she can no longer perform routine duties and that her sleep is usually disturbed by the pain.
Nix asserts that the trial court erred in refusing to grant a new trial for inadequate damages. She insists that an adequate award would have been an amount in excess of $32,000. This would include $32,000 to compensate her for the undisputed medical expenses that were proven at trial and additional monies to compensate her for her pain and suffering and her loss of wages.
The assessment of damages is a matter within the jury's discretion. Lynch v. Rowser, 597 So.2d 227
(Ala.Civ.App. 1992). Where liability is established, the assessment must include an amount at least as high as the uncontradicted special damages, as well as a reasonable amount as compensation for pain and suffering. Lynch.
The necessity and reasonableness of medical expenses is a jury question, and the jury is not obligated to award medical expenses simply because they were incurred. Lynch. It is the jury's duty to determine *Page 1373 
whether the claimed medical expenses were proximately caused by the defendant's negligence. Lynch. When the extent of the injury is uncertain, the jury has the discretion to determine the amount of damages. Lynch.
A jury verdict is presumed to be correct on appeal. That presumption is strengthened when a motion for a new trial has been denied. Lynch.
There was evidence from which the jury could have concluded that not all the claimed damages were a result of Key's negligence. The jury could have reasonably concluded that by the end of September 1993, Nix had recovered from the injury sustained in the April 1993 accident and that all other medical expenses incurred after the November 1993 sneezing episode were not related to the accident.
The jury found that Nix did prove her cause of action against Key. Dr. Maxwell's bill of $3,787.50 was undisputed. It was further undisputed that Nix would have lost $5,175 in earnings from the date of the accident until the end of September 1993, when she was released by Dr. Maxwell with full range of motion at maximum medical improvement. Nix's special damages at the end of September 1993 equalled $8,962. The jury returned a verdict in the amount of $15,000. It is conceivable that the excess of damages was awarded to Nix for her pain and suffering. Lynch.
From our review of the record it appears that the jury, as the fact finder, did not believe that Nix proved her total claim of damages. The trial court's denial of Nix's motion for a new trial is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.