I believe that, based on the evidence, the jury awarded inadequate damages and that the plaintiff's motion for a new trial should have been granted. Therefore, I must respectfully dissent.
Dr. Maxwell, the chiropractor who treated Mrs. Nix after the accident but prior to her surgery, testified that her injuries were consistent with those received in automobile accidents. Dr. Haws, who diagnosed Mrs. Nix with a ruptured disc in her neck and then performed surgery to remove the disc, testified by deposition that Mrs. Nix's injury was the result of the automobile accident. Dr. Coffey, who treated Mrs. Nix for her back and neck pain and who referred her to Dr. Haws, testified that while it was possible that Mrs. Nix ruptured a disc in her neck during a sneezing attack, he would not disagree with Dr. Haws's assessment that the injury was the result of the automobile accident.
The evidence does show that the excruciating pain in Mrs. Nix's neck occurred just after a sneezing episode on November 2, 1993. However, the evidence also tends to show that she had been seeing a chiropractor for her pain from the accident on April 23, 1993 through September 21 of that same year, and that her pain had started to come back after she quit seeing the chiropractor. Dr. Maxwell, the chiropractor, testified that he quit treating Mrs. Nix in September 1993 because she had reached maximum medical improvement under chiropractic care.
I believe that based on the evidence, the only reasonable conclusion the jury could reach was that Mrs. Nix's neck injuries, including her ruptured disc, were the result of the accident and not a sneezing attack. There is no dispute that the defendant was liable for the automobile accident. Mrs. Nix proved that the doctors' fees and charges for her surgery and other treatment totalled $32,000. No evidence contradicts the amount of her medical bills.
When liability is established, the jury's assessment of damages must include, at the least, an amount sufficient to compensate the plaintiff for his or her uncontradicted special damages, as well as a reasonable amount of *Page 1374 
compensation for pain and suffering. Paschal v. Nixon,646 So.2d 110, 111 (Ala.Civ.App. 1994).
"If the jury's damages award is inadequate, the trial court has a duty to grant a new trial. Denton v. Foley Athletic Club,578 So.2d 1317, 1319 (Ala.Civ.App. 1990). If a judgment is challenged on the ground of inadequate damages, this court must attempt to ascertain from the record whether the verdict gives substantial compensation for substantial injury. Id." Smith v.Darring, 659 So.2d 678, 679-80 (Ala.Civ.App. 1995).
I believe that, based on the evidence, the jury awarded Mrs. Nix inadequate damages. Therefore, the trial court erred in failing to grant a new trial. I would reverse the judgment of the trial court and remand this cause for a new trial.
ROBERTSON, P.J., concurs.