L. CHARLES WRIGHT, Retired Appellate Judge.
Martha Lynne Leonard filed suit in the Tuscaloosa County Circuit Court against *477 Margaret Renea Steelman and various fictitious defendants, seeking compensatory damages for the injuries and property damage that she suffered as a result of an automobile accident on June 15, 1992. The case was tried before a jury in 1995; the jury returned a verdict in favor of Leonard and against Steelman in the amount of $3,000. The trial court entered a judgment accordingly and taxed costs to Steelman. Leonard filed a motion for additur or, in the alternative, for a new trial; that motion was denied.
Leonard appeals, contending that the trial court erred in denying her motion for a new trial based on the inadequacy of the damages awarded to her by the jury. This appeal was originally assigned to another member of this court and was recently transferred to the author of this opinion.
The assessment of damages is a matter within the jury’s discretion. Paschal v. Nixon, 646 So.2d 110 (Ala.Civ.App.1994). Where liability is established, the assessment must include an amount at least as high as the uncontradicted special damages, as well as a reasonable amount of compensation for pain and suffering. Id. A jury verdict is presumed correct on appeal. That presumption is strengthened when a motion for a new trial has been denied. Paschal, supra.
The necessity and reasonableness of medical expenses is a jury question, and the jury is not obligated to award medical expenses simply because they were incurred. Nix v. Key, 682 So.2d 1371 (Ala.Civ.App. 1996). It is the jury’s duty to determine whether the claimed medical expenses were proximately caused by the defendant’s negligence. Id. When the extent of the injuries is uncertain, the jury has the discretion to determine the amount of damages. Nix.
There was evidence from which the jury could have concluded that not all of the claimed damages were a result of Steelman’s negligence. One of Leonard’s doctors discharged her because of Leonard’s lack of compliance with the prescribed treatment on several occasions. The doctor testified that Leonard missed appointments and that she missed therapy appointments. She also testified that Leonard’s description of the onset of her pain to the physical therapist was different than the description related to the doctor. Another of Leonard’s doctors testified that Leonard insisted on scheduling an MRI and shoulder arthograms, which are injections of dye into the shoulders, although the tests were not necessary. The doctor also testified that he did not find abnoimalities in Leonard’s shoulders. He further testified that he did not recall prescribing a “TENS” unit for Leonard. Additionally, there was conflicting testimony regarding Leonard’s condition and the cause of her condition. Moreover, Leonard’s medical insurance paid $3,427.10 of her $5,372.33 medical expenses proven at trial; therefore, Leonard’s unpaid medical expenses totaled $1,945.23.
The issue of the reasonableness and necessity of Leonard’s medical expenses was raised because of Leonard’s numerous doctors, examinations, and diagnoses. Therefore, a jury question existed regarding whether Leonard’s medical expenses were proximately caused by Steelman’s negligence. Based on our review of the record, it appears that the jury, as the finder of fact, may not have believed that all of Leonard’s medical expenses were reasonable and necessary and related to the accident, or the jury may have awarded her the amount of her unpaid medical expenses plus $1,054.77 for pain and suffering. Accordingly, we conclude that the trial court’s denial of Leonard’s motion was not error. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.