WRIGHT, Retired Appellate Judge.
Jackie Michell Burgett filed a complaint in the Winston County Circuit Court against Scott Wayne Simmons, alleging that Simmons had negligently allowed, or caused, his pickup truck to collide with the back of her automobile. Burgett sought damages for the injuries she alleged she suffered in the accident. Simmons answered, asserting the affirmative defenses of contributory negligence and intervening cause.
The case was tried before a jury, which returned a verdict in favor of Burgett and against Simmons in the amount of $1,337.50. The trial court entered a judgment accordingly. Burgett filed a motion for a new trial on the ground that the damages awarded by the jury were inadequate; that motion was denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P.
Burgett appeals, raising one issue: whether the trial court erred in denying her motion for a new trial based on the inadequacy of the damages.
The assessment of damages is a matter within the jury’s discretion. Paschal *481 v. Nixon, 646 So.2d 110 (Ala.Civ.App.1994). Where liability is established, the assessment must include an amount at least as high as the uncontradicted special damages, as well as a reasonable amount of compensation for pain and suffering. Id. A jury verdict is presumed correct on appeal. That presumption is strengthened when a motion for a new-trial has been denied. Paschal, supra.
The record reveals that Burgett owned a child daycare facility, which employed two full-time workers, as well as Bur-gett. Burgett spent part of her time performing administrative tasks and part of her time working with the children. After work on December 30, 1993, Burgett was in her automobile on Highway 41, waiting to make a left turn into her driveway, when a pickup truck driven by Simmons struck the back of Burgett’s automobile. After the accident Burgett experienced severe headaches, backaches, and pain in the coccyx, or tailbone area. Burgett testified that because of her problems, she had to hire a part-time daycare worker to perform her duties until she closed the daycare in 1995. Although Bur-gett’s doctors differed in their diagnoses, i.e., a fractured and dislocated coccyx or a bruised “J-shaped” coccyx, the doctors testified by deposition that Burgett’s injuries were caused by the December 30, 1993, accident. Burgett and other witnesses testified that Burgett continues to experience pain. Burgett presented undisputed evidence of special damages of $2,377.20 in medical expenses and $10,306.75 in lost wages.
Accordingly, we find the damages awarded to Burgett to be inadequate. The amount of damages awarded by the jury does not compensate Burgett for the amount of her un-contradieted medical expenses, nor does that amount of damages compensate Burgett for her pain and suffering or her lost wages. American Legion Post No. 57 v. Leahey, 681 So.2d 1337 (Ala.1996); Thompson v. Cooper, 551 So.2d 1030 (Ala.1989); Ex parte Patterson, 459 So.2d 883 (Ala.1984); Orr v. Hammond, 460 So.2d 1322 (Ala.Civ.App.1984).
The trial court erred in denying Burgett’s motion for a new trial based on the inadequacy of damages. The judgment of the trial court is reversed and this cause is remanded with directions to the trial court to grant Burgett’s motion for a new trial.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.