I believe the trial court erred in granting the Hankses' motion for a new trial based on inadequacy of damages. A careful review of the record reveals that the Hankses presented evidence of the following losses:
 $2,459.32 medical bills $1,934.00 amounts paid for domestic help $ 523.60 mileage for trips to and from the doctor $ 75.00 long distance telephone charges _________ $4,991.92 total losses
It is well settled that a jury verdict is presumed to be correct and that it will not be set aside as inadequate "unless the amount awarded is so inadequate as to indicate that the verdict is the result of passion, prejudice, or other improper motive." Stricklin v. Skipper, 545 So.2d 55, 56 (Ala.Civ.App. 1988).
 "When the trial court orders a new trial based on the sole ground that the verdict was against the great weight or preponderance of the evidence, the order will be reversed as based upon an abuse of discretion where, upon review, it is easily perceivable from the record that the jury verdict is supported by the evidence."
Dabbs v. Thursby, 599 So.2d 602, 603-04 (Ala. 1992).
A review of the record in this case reveals no evidence of passion, prejudice, or other improper motive. "The determination of damages lies within the discretion of the jury, which has the exclusive right to weigh the evidence, give credibility to the witnesses, and draw inferences [from the evidence]." Vinzant v. Hughes, 579 So.2d 681, 683
(Ala.Civ.App. 1991).
Further, juries are not required to award all incurred medical expenses. Juries are permitted to question the "reasonableness and necessity of expenses and determine whether the claimed expenses are proximately caused by the negligence of the defendant." Vinzant v. Hughes, 579 So.2d at 683. Seealso Kite v. Word, 639 So.2d 1380 (Ala.Civ.App. 1994).
The Hankses presented evidence of Grace Hanks's medical expenses, totalling $2,459.32, along with evidence of other related special damages representing amounts paid for home help, travel, and long distance telephone calls. The jury could have found any of these expenses to be unreasonable, unnecessary, or not proximately caused by the negligence of the defendants. I do not find that the jury award was inconsistent with the evidence presented. For this reason I respectfully dissent from the majority opinion. I would remand the case to the trial court for reinstatement of the verdict.
CRAWLEY, J., concurs.